330 So.2d 42 (1976)
Bill N. DAVIS and Betty G. Davis, His Wife, Appellants,
v.
Wesley R. HAGIN and Mabel P. Hagin, His Wife, Appellees.
No. Y-210.
District Court of Appeal of Florida, First District.
January 16, 1976.
John R. Weed, of Weed & Bishop, Perry, for appellants.
Michael S. Smith, Perry, for appellees.
SMITH, Judge.
Soon after this mortgage foreclosure action was at issue, the mortgagee gave notice that the case would be tried twenty-one days later. Rule 1.440(c), R.C.P., requires that thirty days fall between notice and trial. Not immediately, but only two days before trial, appellant's counsel gave notice of an objection to the trial date. He made known his objection to the court on the day of trial. The court overruled the objection, tried the case and foreclosed the mortgage. The only point on this appeal is the propriety of the trial court's action in trying the case twenty-one days after the notice.
The trial court acted within the proper limits of its discretion in disregarding a technical violation of the rules which was so tardily complained of. No substantial grounds supported appellants' objection to the trial date and, for aught that appears, no prejudice resulted. See Rule 1.010, R.C.P. We may assume that to sustain appellants' objection when made would *43 have been to delay the trial many more than nine days.
If the purpose of the tardy objection below was to delay the disposition of appellees' claim while retaining the property in litigation, this Court has regrettably but unwittingly served that purpose by overlooking unauthorized and unexcused lapses in appellants' advancement of this appeal. Out of this Court's traditional deference to the lawyer's struggle to meet competing demands for his time and strength, we denied appellees' motion to quash or dismiss the appeal notwithstanding appellants' failure to file timely directions to the clerk and a timely record under Rule 3.6j(1) and their failure to file a timely brief under Rule 3.7a. We will dispense with rehearing and issue the mandate forthwith.
Affirmed.
MILLS, J., concurs.
BOYER, C.J., dissents.
BOYER, Chief Judge (dissenting).
I respectfully dissent.
The sole issue on this appeal relates to an initial construction of one of the Rules of Civil Procedure. On February 13, 1975, a complaint was filed alleging the defendants, appellants here, to be in default and seeking foreclosure of a mortgage held by appellees. On March 6, 1975, the defendants filed their answer. On March 14th, plaintiffs filed a Notice of Hearing stating that they would "bring up for final hearing the above entitled case * * * on April 4, 1975, at 9:00 A.M.". On April 2, defendants' attorney notified the plaintiffs' attorney that he would move to strike the notice of hearing, and a motion bearing that date (but filed April 4, 1975) was served whereby the defendants moved "the court to strike the Notice of Trial filed herein since said notice is not in compliance with Florida Civil Procedure Rule 1.440". Said motion to strike was heard and denied on April 4, final hearing was held on the same date and final judgment of foreclosure was entered.
Rule 1.440, R.C.P. provides as follows:
"(a) When At Issue. An action is at issue after any motions directed to the last pleading served have been disposed of or, if no such motions are served, 20 days after service of the last pleading. The party entitled to serve motions directed to the last pleading may waive the right to do so by filing a notice for trial at any time after the last pleading is served.
"(b) Notice for Trial. Thereafter any party may file and serve a notice that the action is at issue and ready to be set for trial. The notice shall include an estimate of the time required and whether it is to be tried by a jury or not. The clerk shall then submit the notice and the case file to the court.
"(c) Setting for Trial. If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than thirty days from the service of the notice specified in subdivision (b). By giving the same notice, the court may set an action for trial on its own motion.
"(d) Applicability. This rule does not apply to actions to which Chapter 51, Florida Statutes 1967 applies." (Emphasis added)
The rule clearly sets forth the procedure to be followed in setting a case for trial. It also clearly sets forth the time periods to be observed. Strict compliance with the rule may be waived by the parties. However, notwithstanding local customs to the contrary, a party is entitled to insist that the rules be complied with. There may well be instances in which for good cause shown strict compliance may be waived or dispensed with: However, no such cause appears sub judice. I do not conceive that *44 Rule 1.010, R.C.P. was intended as a vehicle for carte blanche amendment of the other rules.
Although I am of the view that the foregoing remarks are applicable to any civil case, I particularly view them as being peculiarly applicable to mortgage foreclosure proceedings wherein one party is sought to be dispossessed of his property at the behest of another.
I would reverse.