428 So.2d 341 (1983)
HERITAGE CASKET AND VAULT IND., INC., and John P.K. Miller, Appellants,
v.
SUNSHINE BANK, a State Bank and Corporation Organized and Operating under the Laws of the State of Florida, Appellee.
No. AM-137.
District Court of Appeal of Florida, First District.
March 22, 1983.
*342 Jeffrey C. Bassett, of Barron, Redding, Boggs, Hughes, Fite & Bassett, P.A., Panama City, for appellants.
Randee S. Schatz of Lorenz, Lungstrum & Heflin, Chartered, of Fort Walton Beach, for appellee.
SHIVERS, Judge.
This is an appeal from a final judgment in favor of appellee, Sunshine Bank, and against appellants, Heritage Casket and Vault, Ind., Inc. (Heritage Casket) and John Miller in the amount of $89,944.92. We reverse.
Sunshine Bank filed a complaint against Heritage Casket and John Miller for payment on two promissory notes which were allegedly in default. Miller was served a copy of the complaint both as an individual and as the resident agent of Heritage Casket. The complaints which were served on Miller list Miller's address as 13 Memorial Parkway, Suite 105, Fort Walton Beach, Florida. Thereafter, Sunshine Bank filed a motion for summary judgment. The certificate of service to the motion for summary judgment certifies that copies of the motion were sent by mail to Miller at 49 Magnolia Avenue, Shalimar, Florida, and to the resident agent of Heritage Casket at No. 2 Elgin Parkway, Fort Walton Beach, Florida. Miller filed an affidavit in opposition to the motion for summary judgment, and the trial court subsequently denied the motion. A final hearing on the case was held on April 13, 1982. Notice of the final hearing was not accomplished by a court order, but rather by a notice of hearing filed by Sunshine Bank on April 6, 1982. The notice of hearing certified that, on April 5, 1982, copies of the notice were mailed to Miller at 49 Magnolia Avenue, Shalimar, Florida, and to the resident agent of Heritage Casket at No. 2 Elgin Parkway, Fort Walton Beach, Florida. When neither Heritage Casket nor Miller appeared at the final hearing on April 13, 1982, the trial court entered a final judgment in favor of Sunshine Bank and directed the clerk to sell certain chattels owned by appellants. On May 17, 1982, appellants filed a motion for a temporary restraining order to prevent the clerk from selling the chattels listed in the trial court's order. This motion was denied by the trial court. On appeal, appellants contend that the final judgment in favor of Sunshine Bank must be reversed because appellants were not given proper notice of the final hearing as required by Rule 1.440(c), Fla.R. Civ.P. We agree.
Rule 1.440(c), Fla.R.Civ.P., provides, in part, that:
If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than thirty days from the service of the notice specified in subdivision (b).
In this case, there is no question that the above rule was not complied with. The trial court did not issue an order setting a date for the final hearing. Despite the court's noncompliance with this rule, Sunshine Bank contends that appellants were not prejudiced because they were mailed copies of the notice of hearing which indicated that the final hearing was to be held on April 13, 1982.
In Padgett v. First Federal S & L Ass'n., 378 So.2d 58 (Fla. 1st DCA 1979), this court *343 was presented with an appeal involving the trial court's failure to issue an order setting the case for trial as required by Rule 1.440(c), Fla.R.Civ.P. The appellee in that case notified appellants of the trial date by filing a notice of trial 57 days before the scheduled trial date. On appeal, appellants contended that the judgment against them should have been reversed due to the trial court's noncompliance with Rule 1.440(c). In Padgett, this court found that no reversible error had occurred because appellants failed to show any prejudice directly attributable to the trial court's technical violation of Rule 1.440(c). In reaching this conclusion, however, the court cautioned that its decision should not be construed to mean "that a reversal will not be mandated in a proper case where the requirements of due process have been violated." Id. at 66.
We believe that the facts of this case demonstrate the kind of substantive violation of due process which the court in Padgett warned would mandate a reversal. This conclusion becomes apparent when the facts of this case are distinguished from those in Padgett. Here, unlike Padgett, there is a serious question as to whether appellants ever received actual notice of the final hearing. Appellants contend that they never received any notice of the final hearing, and the evidence appears to support this contention. Although the original complaint was served on Miller at 13 Memorial Parkway, Suite 105, Fort Walton Beach, Florida, the notice of final hearing indicates that one copy of the notice was mailed to Miller at 49 Magnolia Avenue, Shalimar, Florida, and that another copy of the notice was mailed to Heritage Casket at the address of Sunshine Bank. The record is completely devoid of any evidence which suggests that Miller lived at either of these addresses or that he normally received his mail there. Sunshine Bank contends that Miller must have received notice of the final hearing because he responded to a previous motion for summary judgment which was mailed to the same address as the notice of final hearing. This contention is without merit. That Miller responded to the summary judgment does not establish that he received the copy of the motion which was mailed to him. Miller could very well have received notice of the motion by other means. We believe the evidence fails to demonstrate that Miller ever received any prior notice of the final hearing. Under these circumstances, we hold that the trial court's failure to comply with Rule 1.440(c) constitutes a violation of appellants' constitutional right to due process of law. On that basis, we must reverse the final judgment and remand the matter for a new trial.
We further hold that, even assuming Miller had received notice of the final hearing, reversal would still be mandated because the notice did not comport with the requirements of due process. The notice of final hearing was mailed to Miller on April 5, 1982, for a final hearing which was set for April 13, 1982. Even assuming that the delivery of the notice would have taken only one day, this would have given Miller only seven days notice. This is to be distinguished from the notice given in Padgett of 57 days. Rule 1.440(c) specifies that a trial shall not be set less than 30 days from the service of the notice for trial. Although this court has previously found that a party was not prejudiced by a notice of trial of only 21 days [see Davis v. Hagin, 330 So.2d 42 (Fla. 1st DCA 1976)], we believe that to permit the trial court to conduct a trial with, at best, only 7 days notice would be to render Rule 1.440(c) a nullity. We refuse to stretch the limits of the trial court's discretion to permit such a complete disregard for a rule of civil procedure. On that basis, we hold that a notice of trial of only seven days is patently prejudicial and, therefore, constitutes grounds for reversal.
REVERSED and REMANDED.
WENTWORTH and JOANOS, JJ., concur.