509 So.2d 1123 (1986)
Jorge H. RAMOS, Enrique A. Ramos, and Gisleda A. Ramos, Appellants,
v.
Ferol MENKS, Appellee.
No. BK-234.
District Court of Appeal of Florida, First District.
December 8, 1986.
Rehearing Denied August 11, 1987.
Bruce Brashear, of Watson, Folds, Steadham, Christmann & Brashear, Gainesville, for appellants.
Robert J. Costello, Jr., Gainesville, for appellee.
ZEHMER, Judge.
On January 25, 1984, appellant Jorge Ramos executed a promissory note and purchase money second mortgage in favor of appellee, Ferol Menks, in the principal amount of $15,483.33, bearing interest at twelve percent per annum. Monthly payments of $185.83 were due on the 25th of each month, and the mortgage provided a thirty-day grace period. In March 1985 Ramos transferred the property by quit-claim deed to appellants Enrique A. Ramos and Gisleda A. Ramos. Payments were timely made until the payment due April 25 was received by appellee on June 5, prompting her to send a letter to appellants warning that no further late payments would be accepted. The payment due May 25 was not received until July 11, 1985, whereupon it was forwarded to appellee's attorney with instructions to accelerate the mortgage. Appellants were notified of the acceleration by letter dated July 22, 1985.
Appellee filed an action to foreclose the mortgage on August 1, 1985. The complaint alleged in paragraphs 5, 6, and 7 that:
5. Defendants defaulted under the note and mortgage by failing to pay the installment due on May 25, 1985, and all subsequent installments.
6. The full amount payable under the note and mortgage was due.
7. Defendants owed plaintiff $14,984.44.
In their answer, appellants admitted the existence of the mortgage, but denied paragraphs 5 and 7 and claimed to be without sufficient knowledge of the allegation in paragraph 6.
Appellee filed a "motion for final judgment" rather than a notice of trial, and a hearing thereon was held November 22, 1985. The time allotted was only thirty minutes, and at the outset the judge asked the parties if this was sufficient time, suggesting they reschedule if it was not. Appellee stated that based upon the issues and pleadings the time was adequate. Appellants disagreed, but did not seek to reschedule *1124 the hearing. The trial court admonished the parties for not previously conferring about the time issue and proceeded with the hearing at 10:50 a.m., stating it could not be expanded past 11:15. During cross-examination of appellee, appellants attempted to introduce evidence regarding the improper acceleration, but appellee objected, stating that this was an affirmative defense and that appellant had not raised the issue in his pleadings. Before appellant could finish the cross-examination or present his case in chief, the trial court terminated the hearing, requesting that counsel submit memoranda on the issue of whether or not acceleration could be raised outside the pleadings. Following submission of the memoranda, the trial court entered the final judgment of foreclosure from which this appeal is taken.
Appellants raise two issues on appeal: (1) whether the trial court erred in entering a final judgment without granting appellants an opportunity to present their case in chief, and (2) whether the trial court erred in prohibiting defendants from introducing evidence on the issue of improper acceleration.
The Florida Rules of Civil Procedure do not provide for a "motion for final judgment". It is unclear from the record whether this motion was intended to be a motion for summary judgment,[1] a motion for judgment on the pleadings,[2] or a motion setting a trial.[3] Defense counsel stated, "Frankly, what we have before us, according to the notice, is a motion for final judgment. I am not  which I am not sure exactly what that is. I'm at something of a loss." It appears that the proceeding was meant to be a trial since appellee's counsel commenced the hearing by presenting testimony through witnesses. Yet the procedures set forth in rule 1.440, Florida Rules of Civil Procedure, to set the case for trial were not followed.
Rule 1.440 requires that the trial court, not the parties, enter the order fixing the date for trial. Rule 1.440(c) provides in part: "If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial." (Emphasis added.) This court recently held that strict compliance with the rule is mandatory, and that failure to conform with rule 1.440 constitutes reversible error. Bennett v. Continental Chemicals, Inc., 492 So.2d 724 (Fla. 1st DCA 1986). We reverse and remand for further proceedings because no proper order setting the action for trial had been entered by the court.
Appellants also complain that they were not allowed to introduce evidence regarding improper acceleration of the mortgage. Appellee contends this issue was not properly raised by appellant's pleadings. We note that the pleadings of both parties leave much to be desired. The complaint fails to allege that plaintiff had the right to accelerate the mortgage, and it fails to allege the occurrence of all conditions precedent to the right to foreclose. Perhaps this is the reason the answer does not raise any affirmative defenses to acceleration, such as payment or tender of payment. The record before us does not permit a determination that affirmative defenses have been waived by failure to plead. In the interest of justice, the parties should be given leave to amend their pleadings to appropriately raise the issues both have argued to the lower court and this court.
REVERSED and REMANDED.
SHIVERS and BARFIELD, JJ., concur.
NOTES
[1] Fla.R.Civ.P. 1.510.
[2] Fla.R.Civ.P. 1.140(c).
[3] Fla.R.Civ.P. 1.440.