506 So.2d 463 (1987)
Margaret Lee BROUSSARD, Appellant,
v.
Steven Michael BROUSSARD, Appellee.
No. 86-2328.
District Court of Appeal of Florida, Second District.
April 22, 1987.
E.J. Salcines, Tampa, for appellant.
No appearance, for appellee.
THREADGILL, Judge.
The appellant/wife contends that the trial court erred by holding a final hearing of which the appellant had received less than thirty days notice. We agree and reverse.
The appellee/husband filed for a dissolution of marriage in Hillsborough County, Florida. The appellant, a resident of Tallahassee, Florida, filed a motion for change of venue which was denied. The record does not contain an answer, a default or a notice of trial.
On July 30, 1986, at approximately 8:30 a.m., the appellant received, in Tallahassee, a notice scheduling a final hearing in Tampa on July 31, 1986 at 4:00 p.m. The notice was certified by appellee's trial counsel as being mailed on July 16, 1986, but was postmarked July 24, 1986.
Florida Rule of Civil Procedure 1.440(c) provides:
(c) Setting for Trial. If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than 30 days from the service of the notice specified in subdivision (b). By giving the same notice the court may set an action for trial. In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with Rule 1.080(a).
There is no question that the above rule was not complied with. This case was not properly noticed for trial nor did the court enter an order setting the trial date. The approximately thirty-three hours notice received *464 by the appellant falls far short of that required by the rule. See Bennett v. Continental Chemicals, Inc., 492 So.2d 724 (Fla. 1st DCA 1986); Heritage Casket and Vault Ind., Inc. v. Sunshine Bank, 428 So.2d 341 (Fla. 1st DCA 1983). We conclude that the trial court erred in proceeding with the final hearing and entering the final judgment.
The final judgment entered is hereby set aside and this case is remanded to the trial court for a new trial.
CAMPBELL, A.C.J., and SANDERLIN, J., concur.