514 So.2d 1133 (1987)
LAUXMONT FARMS, INC., Appellant,
v.
James P. FLAVIN and Ann Flavin, His Wife, Appellees.
No. 86-2123.
District Court of Appeal of Florida, Fifth District.
November 5, 1987.
*1134 Robert B. White, Jr., of White & May, Orlando, for appellant.
Frederic B. O'Neal of Winderweedle, Haines, Ward & Woodman, P.A., Orlando, for appellees.
DAUKSCH, Judge.
This is an appeal from a judgment which awarded unliquidated damages without trial. Although a default judgment can be entered to establish liability a trial is necessary to establish unliquidated damages. Bowman v. Kingsland Dev., Inc., 432 So.2d 660 (Fla. 5th DCA 1983). Therefore, the award of unliquidated compensatory damages by summary judgment in this case was error. See Buffington v. Torcise, 504 So.2d 490 (Fla. 3d DCA 1987); Turner v. Allen, 389 So.2d 686 (Fla. 5th DCA 1980); B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980).
After the motion for summary judgment and compensatory damages were granted, the attorney for appellee sent a notice of nonjury trial to appellant. The notice was defective because the order was sent by the opposing attorney rather than the court and did not give the requisite thirty-days notice of trial. Fla.R.Civ.P. 1.440(c). Lauxmont Farms did not attend the nonjury trial in which the trial court awarded $1,600,000 in punitive damages and $6,400 in attorney's fees and costs.
Strict compliance with Florida Rule of Civil Procedure 1.440 is required and failure to do so is reversible error. Ramos v. Menks, 509 So.2d 1123 (Fla. 1st DCA 1986); Bennett v. Continental Chemicals, Inc., 492 So.2d 724 (Fla. 1st DCA 1984); see also Broussard v. Broussard, 506 So.2d 463 (Fla. 2d DCA 1987). We have stated before that a party has a due process entitlement to notice and an opportunity to be heard on unliquidated damages pursuant to Florida Rule of Civil Procedure 1.440. Bowman v. Kingsland Development, Inc., 432 So.2d at 663. Lauxmont Farms' fundamental due process rights were violated by the defective notice of nonjury trial for both compensatory and punitive damages as well as attorneys fees and costs. Accordingly, the judgments for damages, attorney's fees and costs are reversed and remanded for new trial after proper notice under Florida Rule of Civil Procedure 1.440. We find no merit in Lauxmont Farms' other contentions on appeal.
AFFIRMED in part; REVERSED in part and REMANDED.
ORFINGER and COBB, JJ., concur.