595 So.2d 1084 (1992)
S.W.T., Appellant,
v.
C.A.P. and T.W.T., Appellees.
No. 91-1838.
District Court of Appeal of Florida, Fourth District.
March 18, 1992.
*1085 Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, and Stephen M. Bell of Stephen M. Bell, P.A., Plantation, for appellant.
Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, Alan R. Burton, Fort Lauderdale, and Richard D. West, Orlando, for appellees.
PER CURIAM.
S.W.T., the husband in a dissolution proceeding, appeals from a declaratory judgment which terminated his parental rights and declared T.W.T., an intervenor, to be the biological father of C.A.P. and S.W.T.'s child. Appellant raises two points on appeal. First, he contends that the trial court erred when it conducted the trial without complying with Florida Rule of Civil Procedure 1.440(c). Next, he contends that the trial court abused its discretion when it terminated his parental and visitation rights. We reverse.
On February 22, 1991, the trial court granted T.W.T.'s motion to intervene in the pending dissolution proceeding. T.W.T. sought a declaratory judgment to establish that he was the biological father of the child born during appellant and C.A.P.'s marriage. On April 18, 1991, appellant agreed to T.W.T.'s motion to expedite consideration of the declaratory judgment. He argues, however, that when he agreed to expedited consideration of the declaratory judgment, he did not intend to waive the requirements of Florida Rule of Civil Procedure 1.440(c). On April 24, 1991, appellant filed his answer and on April 25, T.W.T. served a notice for trial. On April 30, the trial court set the case for trial on May 13, 1991. On May 3, 1991, three days after the date of the order setting the case for trial and ten days before the trial date, appellant served a motion to strike the case from the trial calendar on grounds that the short notice violated rule 1.440(c). The trial court denied appellant's motion to strike the order setting the case for trial.
Rule 1.440(c), Florida Rules of Civil Procedure provides that "trial shall not be set less than thirty days from service of the notice for trial." The trial court's failure to comply with the mandatory language of rule 1.440(c) requires us to reverse and remand this case for a new trial. See International Jai-Alai Players Association v. Dania Jai-Alai Division of the Aragon Group, Inc., 563 So.2d 1117 (Fla. 4th DCA 1990); Heritage Casket & Vault, Inc. v. Sunshine Bank, 428 So.2d 341 (Fla. 1st DCA 1983); Bennett v. Continental Chemicals, Inc., 492 So.2d 724 (Fla. 1st DCA 1986); Broussard v. Broussard, 506 So.2d 463 (Fla. 3d DCA 1987); Lauxmont Farms, Inc. v. Flavin, 514 So.2d 1133 (Fla. 5th DCA 1987).
Since we have remanded this case for a new trial, we will not address appellant's assertion that the trial court abused its discretion when it terminated his parental and visitation rights.
REVERSED and REMANDED.
DELL and POLEN, JJ., concur.
GARRETT, J., dissents with opinion.
*1086 GARRETT, Judge, dissenting.
I would affirm and hold that the trial court exercised sound discretion when it disregarded a technical violation of a civil procedure rule. The violated rule forbids the setting of a trial less than 30 days from service of the notice for trial. Fla. R.Civ.P. 1.440(c).
On March 18, 1991, T.W.T. mailed his motion for an expedited hearing to S.W.T. On April 18, 1991, S.W.T. appeared before the trial judge and agreed that the matter should be expedited. On April 25, 1991, the trial court entered an order that stated, in pertinent part:
2. At such time as [S.W.T.] responds to the Complaint... and any reply thereto as necessary is made, either party may notice this matter for trial.
3. Either party noticing the matter for trial shall direct said notice for trial directly to the Court and reference the Order directing that this cause be advanced on the Court's trial calendar.
* * * * * *
6. The issues to be heard on an expedited basis are those contained in [T.W.T.'s] Complaint ... namely, paternity of the minor child and what rights, if any, including access to the child, [S.W.T.], should have in regard to the minor child.
On April 25, 1991, T.W.T. and C.A.P. mailed their notice for trial to S.W.T.[1] On May 1, 1991 the trial court entered an order that set "Monday, May 13, 1991" as the trial date. On May 3, 1991, S.W.T. mailed his motion to strike the order setting trial to T.W.T. and C.A.P., but filed it on May 8, 1991. S.W.T.'s motion was heard immediately before the May 13, 1991 trial.
The facts of this case are strikingly similar to the facts in Davis v. Hagin, 330 So.2d 42 (Fla. 1st DCA), cert. denied, 336 So.2d 105 (Fla. 1976). The Davis trial court gave notice that the case would be tried twenty-one days later. Two days before the scheduled trial the complaining party gave notice of an objection to the trial date. He made his objection known to the trial court on the day of trial. The trial court overruled the objection and tried the case that day. The First District held that the trial court acted within its discretion in disregarding a technical violation of the rules which it noted had been "tardily complained of." Id. It assumed that to sustain the objection when made would have been to delay the trial many more than nine days. Id. at 42-3.
In this case, the trial judge gave notice that the case would be heard twelve days later, but twenty-one days after service of the notice of trial. Not immediately, but on the day of trial, S.W.T. brought his objection before the trial court. To sustain the objection would have delayed the trial more than nine days. More importantly, twenty-five days before the trial S.W.T. had agreed to an expedited trial, facts not present in Davis.
NOTES
[1] Service on the attorney or party shall be made by delivering a copy to him or by mailing it to him. ... Service by mail shall be complete upon mailing [emphasis added]. Fla.R.Civ.P. 1.080(b).