PER CURIAM.
S.W.T., the husband in a dissolution proceeding, appeals from a declaratory judgment which terminated his parental rights and declared T.W.T., an intervenor, to be the biological father of C.A.P. and S.W.T.’s child. Appellant raises two points on appeal. First, he contends that the trial court erred when it conducted the trial without complying with Florida Rule of Civil Procedure 1.440(c). Next, he contends that the trial court abused its discretion when it terminated his parental and visitation rights. We reverse.
On February 22, 1991, the trial court granted T.W.T.’s motion to intervene in the pending dissolution proceeding. T.W.T. sought a declaratory judgment to establish that he was the. biological father of the child born during appellant and C.A.P.’s marriage. On April 18, 1991, appellant agreed to T.W.T.’s motion to expedite consideration of the declaratory judgment. He argues, however, that when he agreed to expedited consideration of the declaratory judgment, he did not intend to waive the requirements of Florida Rule of Civil Procedure 1.440(c). On April 24, 1991, appellant filed his answer and on April 25, T.W.T. served a notice for trial. On April 30, the trial court set the case for trial on May 13, 1991. On May 3, 1991, three days after the date of the order setting the case for trial and ten days before the trial date, appellant served a motion to strike the case from the trial calendar on grounds that the short notice violated rule 1.440(c). The trial court denied appellant’s motion to strike the order setting the case for trial.
Rule 1.440(c), Florida Rules of Civil Procedure provides that “trial shall not be set less than thirty days from service of the notice for trial.” The trial court’s failure to comply with the mandatory language of rule 1.440(c) requires us to reverse and remand this case for a new trial. See International Jai-Alai Players Association v. Dania Jai-Alai Division of the Aragon Group, Inc., 563 So.2d 1117 (Fla. 4th DCA 1990); Heritage Casket & Vault, Inc. v. Sunshine Bank, 428 So.2d 341 (Fla. 1st DCA 1983); Bennett v. Continental Chemicals, Inc., 492 So.2d 724 (Fla. 1st DCA 1986); Broussard v. Broussard, 506 So.2d 463 (Fla. 3d DCA 1987); Lauxmont Farms, Inc. v. Flavin, 514 So.2d 1133 (Fla. 5th DCA 1987).
Since we have remanded this case for a new trial, we will not address appellant’s assertion that the trial court abused its discretion when it terminated his parental and visitation rights.
REVERSED and REMANDED.
DELL and POLEN, JJ., concur.
GARRETT, J., dissents with opinion.