GARRETT, Judge,
dissenting.
I would affirm and hold that the trial court exercised sound discretion when it disregarded a technical violation of a civil procedure rule. The violated rule forbids the setting of a trial less than 30 days from service of the notice for trial. Fla. R.Civ.P. 1.440(c).
On March 18, 1991, T.W.T. mailed his motion for an expedited hearing to S.W.T. On April 18, 1991, S.W.T. appeared before the trial judge and agreed that the matter should be expedited. On April 25, 1991, the trial court entered an order that stated, in pertinent part:
2. At such time as [S.W.T.] responds to the Complaint ... and any reply thereto as necessary is made, either party may notice this matter for trial.
3. Either party noticing the matter for trial shall direct said notice for trial directly to the Court and reference the Order directing that this cause be advanced on the Court’s trial calendar.
* # * * # *
6. The issues to be heard on an expedited basis are those contained in [T.W.T.’s] Complaint ... namely, paternity of the minor child and what rights, if any, including access to the child, [S.W.T.], should have in regard to the minor child.
On April 25, 1991, T.W.T. and C.A.P. mailed their notice for trial to S.W.T.[1] On May 1,1991 the trial court entered an order that set “Monday, May 13, 1991” as the trial date. On May 3, 1991, S.W.T. mailed his motion to strike the order setting trial to T.W.T. and C.A.P., but filed it on May 8, 1991. S.W.T.’s motion was heard immediately before the May 13, 1991 trial.
The facts of this case are strikingly similar to the facts in Davis v. Hagin, 330 So.2d 42 (Fla. 1st DCA), cert. denied, 336 So.2d 105 (Fla.1976). The Davis trial court gave notice that the case would be tried twenty-one days later. Two days before the scheduled trial the complaining party gave notice of an objection to the trial date. He made his objection known to the trial court on the day of trial. The trial court overruled the objection and tried the case that day. The First District held that the trial court acted within its discretion in disregarding a technical violation of the rules which it noted had been “tardily complained of.” Id. It assumed that to sustain the objection when made would have been to delay the trial many more than nine days. Id. at 42-3.
In this case, the trial judge gave notice that the case would be heard twelve days later, but twenty-one days after service of the notice of trial. Not immediately, but on the day of trial, S.W.T. brought his objection before the trial court. To sustain the objection would have delayed the trial more than nine days. More importantly, twenty-five days before the trial S.W.T. had agreed to an expedited trial, facts not present in Davis.

. Service on the attorney or party shall be made by delivering a copy to him or by mailing it to him- Service by mail shall be complete upon mailing [emphasis added]. Fla.R.Civ.P. 1.080(b).