667 So.2d 378 (1995)
Virgel BENNETT, Appellant,
v.
Lucy WARD, First Union National Bank of Florida, and United States of America, Internal Revenue Service, Appellees.
No. 95-1333.
District Court of Appeal of Florida, First District.
December 4, 1995.
*379 Cary A. Hardee, Madison, for Appellant.
Robert J. Schramm, Perry, for Appellee Lucy Ward.
BENTON, Judge.
Virgel Bennett appeals the circuit court's denial of his motion for relief from judgment. Proceeding under Florida Rule of Civil Procedure 1.540, he seeks to set aside a judgment of foreclosure and argues that the subsequent judicial sale of real estate he had encumbered with two mortgages should be rescinded, because he was not served with notice of trial or with any copy of the final judgment of foreclosure, the notice of sale, the certificate of sale, the certificate of title, or the certificate of disbursements. We reverse in part and remand.
Mr. Bennett executed a promissory note in the amount of $37,000 in favor of Lucy Ward and her late husband Donald Ward and executed a mortgage on certain real property in Taylor County as security on February 1, 1982. On July 25, 1989, Mr. Bennett executed a second mortgage on the same parcel in favor of Southeast Bank, securing indebtedness to the bank in the amount of $96,715.38.
After Mr. Bennett stopped making mortgage payments, the Wards filed a complaint to foreclose the first mortgage, naming Southeast Bank and the Internal Revenue Service along with Mr. Bennett as defendants. The IRS and Southeast Bank's successor in interest, First Union National Bank of Florida (First Union), filed answers, and First Union filed a crossclaim for foreclosure. Mr. Bennett never filed any pleading or paper, but no default was ever entered against him, as far as the record reveals.

Rule 1.440 Noncompliance
The record on appeal is also devoid of any order setting trial, but, on February 13, 1992, the Wards' counsel filed a notice of hearing dated February 10, 1992, setting "Plaintiffs' Complaint to Foreclose a Mortgage" for hearing on March 10, 1992. No motion for summary judgment was ever filed. A hearing took place on March 10, 1992, which Mr. Bennett attended pro se.[1] Attorney's fees affidavits were filed that day, but the record contains no transcript of proceedings on March 10, 1992. On April 20, 1992, the circuit court entered a final judgment of foreclosure,[2] retaining jurisdiction to take further action, including entry of deficiency judgments.
Mr. Bennett argues that, without any pending motion for summary judgment or any motion for default, the trial court's failure to set the matter for trial in accordance with Florida Rule of Civil Procedure 1.440, requires reversal. Under the rule, once the trial "court finds the action ready to be set for trial, it shall enter an order fixing a date for trial." Fla.R.Civ.P. 1.440(c). Here, as in Lauxmont Farms, Inc. v. Flavin, 514 So.2d 1133 (Fla. 5th DCA 1987), the "notice was defective because [it] ... was sent by the opposing attorney rather than the court and *380 did not give the requisite thirty-days notice of trial." Id. at 1134.
Strict compliance with Florida Rule of Civil Procedure 1.440 is required and failure to do so is reversible error. Ramos v. Menks, 509 So.2d 1123 (Fla. 1st DCA 1986); Bennett v. Continental Chemicals, Inc., 492 So.2d 724 (Fla. 1st DCA 1984); see also Broussard v. Broussard, 506 So.2d 463 (Fla. 2d DCA 1987).
Id. Even when a default has been entered, Florida Rule of Civil Procedure 1.440(c) requires service of an order setting any trial at which the amount of unliquidated damages is to be determined. Gulf Maintenance & Supply, Inc. v. Barnett Bank of Tallahassee, 543 So.2d 813 (Fla. 1st DCA 1989); Buffington v. Torcise, 504 So.2d 490 (Fla. 3d DCA 1987). Attorney's fees, which were awarded here, have been held to comprise unliquidated damages. Asian Imports, Inc. v. Pepe, 633 So.2d 551 (Fla. 1st DCA 1994); Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 663 (Fla. 5th DCA 1983). Contra West v. West, 534 So.2d 893 (Fla. 5th DCA 1988).
For purposes of decision, we assume noncompliance with Florida Rule of Civil Procedure 1.440 can be raised, in an appropriate case, by motion pursuant to Florida Rule of Civil Procedure 1.540.[3] But, if noncompliance with Rule 1.440 was waived in the main proceeding, the question cannot be open on motion under Rule 1.540. On this record, Mr. Bennett may have waived objection not only to notice of trial but, more fundamentally, to the apparent omission altogether of any bench trial or evidentiary hearing testing the mortgagees' allegations.
Unrepresented by counsel, Mr. Bennett did not (understandably) explicitly invoke Florida Rule of Civil Procedure 1.440 on March 10, 1992. On the other hand, no version of the events of March 10, 1992, includes any account of proof or fact finding of any kind. Both versions suggest that those present agreed that no evidentiary hearing or trial was needed, not that fact finding should proceed despite defective notice. Cf. Charter Review Comm'n of Orange County v. Scott, 627 So.2d 520, 522 (Fla. 5th DCA 1993), quashed on other grounds, 647 So.2d 835 (Fla. 1994) (holding that because appellants "voluntarily proceeded with the hearing and fully participated without raising any objection under Rule 1.440," they "waived any error pursuant to Rule 1.440 and [we]re precluded from raising th[at] objection for the first time on appeal").
Even if the issue was preserved below, we conclude that it has been waived on appeal. Mr. Bennett does not dispute, on this appeal, either mortgage holder's entitlement to foreclosure. He does not suggest that his failure to file answers was anything other than a considered decision to concede the accuracy of allegations in the complaint (and crossclaim), perhaps in an effort to keep attorneys' fees down. Nothing indicates that the failure to comply with Rule 1.440 in any way prejudiced Mr. Bennett, who does not complain about the lack of a trial. In the circumstances, we are unwilling to disturb the order under review insofar as it declines to reopen the question of entitlement to foreclosure.

No Notice of Judicial Sale
Mr. Bennett was not present when the Wards purchased the property at judicial sale on May 12, 1992, for $100, and was never served with copies of the certificate of sale, the certificate of title, or the certificate of disbursements. The final judgment of foreclosure, which scheduled judicial sale for May 12, 1992, contains a certificate of service of *381 copies on all parties except Mr. Bennett. A subsequent notice of sale was not certified to have been served on any of the parties, and Mr. Bennett's assertion that he never received it, either, was uncontroverted. Notice of sale was published in a newspaper in Taylor County, but not in Madison County where Mr. Bennett resided.
Some three months after the judicial sale, on August 12, 1992, Mr. Bennett filed through counsel a motion for relief from judgment, arguing not only that the judgment should be set aside but also that the judicial sale should be rescinded. While it is true here as in Cull v. Hurth, 384 So.2d 295, 297 (Fla. 4th DCA 1980) that a "basic foundation issue appears to be the validity of the final judgment upon which all further proceedings depend," Mr. Bennett also argues for rescission of the judicial sale on grounds that are independent of the validity of the final judgment of foreclosure.
We conclude that Mr. Bennett filed reasonably promptly in the circumstances. See Franklin v. Franklin, 573 So.2d 401 (Fla. 3d DCA 1991). For reasons not apparent from the record, no hearing on the motion took place until March 3, 1995. The record contains no transcript of the hearing on the motion for relief from judgment. On March 8, 1995, the circuit court entered the order denying Mr. Bennett's motion now appealed.
Equitable principles govern on the question whether to set aside a judicial sale. The "failure of the judgment debtor to receive ... notice" does not automatically require that a judicial sale be set aside. Subsaro v. Van Heusden, 191 So.2d 569, 570 (Fla. 3d DCA 1966) (because lack of notice coupled with inadequacy of sales price outweighed purchaser's equities, judicial sale was set aside). "[M]ere inadequacy of price is not sufficient to set aside a judicial sale, but `where such inadequacy is connected with, or shown to result from, any mistake, accident, surprise, misconduct, fraud or irregularity, the sale will generally be set aside.'" Ruff v. Guaranty Title & Trust Co., 99 Fla. 197, 126 So. 383, 384 (1930) (citation omitted). Accord Ohio Realty Inv. Corp. v. Southern Bank of West Palm Beach, 300 So.2d 679, 681 (Fla. 1974); Arlt v. Buchanan, 190 So.2d 575 (Fla. 1966).
The general rule is, of course, that standing alone mere inadequacy of price is not a ground for setting aside a judicial sale. But where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result. Lawyers' Co-operative Pub. Co. v. Bennett, 1894, 34 Fla. 302, 16 So. 185; City of Sanford v. Ashton, 1938, 131 Fla. 759, 179 So. 765; Eristavi-Tchitcherine v. Miami Beach Federal Savings & Loan Ass'n, 1944, 154 Fla. 100, 16 So.2d 730; and Washington Sec. Co. v. Tracy's Plumbing & Pumps, Inc., Fla. App. 1964, 166 So.2d 680. Also see 33 C.J.S. Executions § 234.
Arlt, 190 So.2d at 577. See also White v. Loschiavo, 597 So.2d 373, 374 (Fla. 4th DCA 1992) (reversing order refusing to vacate third judicial sale that took place without notice to appellant who bid substantially more at the first two (noticed but later rescinded) judicial sales than the property brought at the third); Fincham v. Fincham, 443 So.2d 312, 313 (Fla. 4th DCA 1983) (reversing order denying wife's motion to vacate judicial sale of marital domicile where notice of sale prepared by husband's counsel was not served on wife).
Outlining the procedure to be followed in a judicial sale, section 45.031(1), Florida Statutes (1991) recognized a right of redemption "at any time before the sale." "`Before the sale' as [then] used in the statute has been interpreted to mean at any time before the issuance of the certificate of title."[4]CCC Properties, Inc. v. Kane, 582 So.2d 159, *382 161 (Fla. 4th DCA 1991). "A mortgagor need not obtain the court's permission in order to exercise his right of redemption," id., but the right "is extinguished if not exercised prior to the issuance of the certificate of title." Id.
The failure to give adequate notice of a judicial sale may effectively deprive the mortgagor of the right to redeem the property. A mortgagor against whom a foreclosure judgment has been entered has the right, even when a default has been entered, to be served with a copy of the judgment. Fla. R.Civ.P. 1.080(h). A mortgagor unable financially to redeem still has an interest in seeing that prospective purchasers are at the judicial sale. Sale proceeds may reduce the mortgagor's indebtedness and the size of deficiency judgments, if any.
Here Mrs. Ward argues against setting aside the judicial sale because of the passage of time, improvements the Wards allegedly made to the property and the fact that Mr. Ward, who handled the couple's business affairs, passed away in 1993. But Mr. Ward died long after the motion for relief from judgment was filed, and the record does not reveal whether any improvements were made prior to the filing of Mr. Bennett's motion for relief from judgment. It may, indeed, be inferred from appellee's brief that, despite "extensive argument" at the hearing on the motion for relief from judgment, there was no "testimony or evidence as to the costs of the improvements made." On this record, we believe the trial court erred in deciding against setting aside the judicial sale, in light of the relative equities.
We therefore reverse and remand with directions that the trial court set aside the judicial sale. Without otherwise disturbing the final judgment of foreclosure, another judicial sale should be set with proper notice, including service of notice on all parties entitled thereto.
WOLF and LAWRENCE, JJ., concur.
NOTES
[1] Mrs. Ward asserts in her answer brief that the court announced at the hearing its intention to enter a final judgment for the Wards and that Mr. Bennett did not object. Mr. Bennett states in the initial brief that he left the hearing on March 10, 1992, believing that the second mortgage holder, First Union (the successor in interest to the Federal Deposit Insurance Corporation as Receiver of Southeast Bank, N.A.), was going to pay the Wards everything that was owed on the first mortgage.
[2] A handwritten message on a small, square, yellow piece of adhesive paper, still attached to (but readily removable from) the final judgment reads:

Dear Judge Agner 
Southeast Bank did not pay off Mr. Ward + Mike Smith [attorney for First Union] agrees that the Final Judgment should be entered  [illegible] Bob Schramm [attorney for the Wards.]
[3] Although the finality of the judgment of foreclosure is not directly affected by the trial court's failure to serve a copy of the judgment on Mr. Bennett, Fla.R.Civ.P. 1.080(h)(3), it may be an abuse of discretion for a trial court to refuse to vacate, on timely application, an order or judgment that was not properly transmitted pursuant to Rule 1.080(h), if, as a consequence, a party is precluded from taking a viable direct appeal because time for filing has elapsed. Gibson v. Buice, 381 So.2d 349 (Fla. 5th DCA 1980); Spanish Oaks Condominium Ass'n, Inc. v. Compson of Florida, Inc., 453 So.2d 838, 840 (Fla. 4th DCA 1984) (reversing and remanding where "the `proposed' final order did not satisfy the requirement of notice which Rule 1.080(h)(1) was re-designed to insure[,]" and no notice was received until more than thirty days had elapsed). See also Gulf Maintenance & Supply, Inc. v. Barnett Bank of Tallahassee, 543 So.2d 813 (Fla. 1st DCA 1989); Cole v. Blackwell, Walker, Gray, Powers, Flick & Hoehl, 523 So.2d 725 (Fla. 3d DCA 1988); Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 663 (Fla. 5th DCA 1983).
[4] Section 45.0315, Florida Statutes (1993), effective October 1, 1993, ch. 93-250, § 2, at 2467-68, Laws of Fla., (after the judicial sale in the present case) "explicitly empowers a court in the final judgment of foreclosure to fix the time in which the mortgagor may redeem. Where the judgment is silent in that regard, redemptive rights are lost upon the clerk's filing of a certificate of sale." Emanuel v. Bankers Trust Co., N.A., 655 So.2d 247, 249 (Fla. 3d DCA 1995), review denied, 663 So.2d 629 (Fla. 1995)