GRIFFIN, Judge.
Paula and Frank Yunger [“the Yungers”], appearing pro se, appeal the denial of their motion for relief from judgment under Florida Rule of Civil Procedure 1.540. The underlying judgment ordered the sale of the Yungers’ home as a result of a foreclosure *1176 action filed by the appellee, Federal Home Loan Mortgage Corporation [“FHLMC”].
The appellate record in this case is not well developed, as the Yungers have provided this court with only limited information in their appendix. It appears that FHLMC filed a complaint in the circuit court in and for Seminole County to foreclose on the Yun-gers’ home after the Yungers stopped making payments toward FHLMC’s mortgage on the property. In early November 1995, FHLMC filed a motion for summary judgment based on affidavits filed in the cause. At the same time, FHLMC noticed the Yun-gers that the motion was set for hearing on December 21, 1995. The Yungers filed a responsive memorandum in which they contended that summary judgment was improper because their answer raised a factual issue regarding the fulfillment of a condition precedent. The certificate of service at the end of the memorandum reflects that a copy was mailed to FHLMC on December 20.
The appellate briefs of both parties indicate that the Yungers did not attend the summary judgment hearing. There is no transcript of the hearing. Following the proceeding, the circuit court entered a judgment of foreclosure determining the Yungers’ indebtedness to FHLMC to be $48,837.77, and ordering the judicial sale of the home to take place on January 25, 1996, unless the Yun-gers satisfied their debt before that time. The certificate of service of the judgment shows service on December 21,1995 to: Donald L. Smith, 112 West Adams Street, Suite 1116, Jacksonville, FL 32202; Paula Glynn Yunger, 641 Balsa Drive, Altamonte Springs, FL 32714; Raegan Starr Yunger, c/o Frank William Yunger, 641 Balsa Drive, Altamonte Springs, FL 32714; Frank William Yunger, 641 Balsa Drive, Altamonte Springs, FL 32714; Unknown Tenant(s), 641 Balsa Drive, Altamonte Springs, FL 32714.
On January 29, the Yungers filed a pro se motion for relief from the summary final judgment. According to the motion, the Yungers were not served with a copy of the judgment and did not learn of it until speaking by telephone to a clerk on January 23. They requested a copy, which was mailed on January 25, 1996 — the date of the sale. They argued that the judgment should be vacated because they had been deprived of their redemptive, rehearing and appellate rights. The motion was signed by the Yun-gers and included an unsworn statement that the facts recited therein were true to the best of their knowledge.
Approximately three days later, FHLMC filed a “Motion to Dismiss Defendant’s Motion for Rule 1.540 Relief.” FHLMC asserted that the Rule 1.540 motion should be “dismissed” as untimely and because the issues raised had been resolved in the summary final judgment. In response, the Yun-gers filed a reply whereby they requested that FHLMC’s motion be denied because a motion for dismissal is not an appropriate attack on a motion for relief for judgment.
On February 9, FHLMC served the Yun-gers by mail with a notice of hearing. The notice reflected that a hearing on both FHLMC’s Motion to Dismiss the Motion for Rule 1.540 Relief and Motion to Dismiss Counterclaim and Third Party Complaint had been set for 8:45 a.m. on February 20. Frank Yunger responded to this notice by sending FHLMC’s attorney a letter informing him that, as the notice was received on February 14, he had less than five working days to prepare for the hearing. Yunger also informed FHLMC’s attorney that he had a non-refundable airline ticket for an out-of-town trip planned from February 16 through February 19, which left him only one working day to prepare. He requested that FHLMC cancel or reschedule the hearing.
FHLMC apparently did not cancel or reschedule the hearing. The Yungers did not attend this hearing. On February 20, 1996, the lower court signed an order denying the Yunger’s motion for relief from judgment even though the order reflected that it was FHLMC’s motion to dismiss that had been heard by the court.
We reverse for the sole reason that the lower court could not enter the order denying the Yungers’ Rule 1.540 motion because it had not been set for hearing. The only matter relevant to the Rule 1.540 motion scheduled for hearing was the motion to dis *1177 miss it.[1] Rather than rule on the motion directed to the Rule 1.540 motion, the court ruled on the motion itself. Appellee represented in its brief that the Rule 1.540 motion had been set for hearing, but upon requesting record proof of this, it emerges that only the appellee’s motions were called up, not appellants’. We express no opinion about the merit of the Yungers’ motion, which appears to turn on a question of credibility and timeliness.
REVERSED and REMANDED.
DAUKSCH and HARRIS, JJ., concur.

. Indeed, although not discussed by the parties, it appears the motion to dismiss the Rule 1.540 motion should have been denied. The basis for it — that all issues had been determined by the summary judgment — cannot apply to the Yun-gers' claim that they were prejudiced because they never were served with the judgment.