W. SHARP, Judge.
Paula Yunger and Frank Yunger appeal from an amended final summary judgment of foreclosure in favor of Federal Home Loan Mortgage Corporation (Federal). We affirm.
In 1992, the Yungers purchased a home and executed a purchase money mortgage to finance it. The mortgage was assigned to Federal. The Yungers ceased making mortgage payments in 1994. In 1995, Federal filed a complaint to foreclose the mortgage.
On December 21, 1995, the trial court rendered a final summary judgment of foreclosure in favor of Federal, and a public sale was set for January 25, 1996. The property was sold to Federal, but on January 31, 1996 the Yungers filed a motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540.
The Yungers argued that they did not receive adequate notice of the sale because a copy of the final judgment was not mailed until January 25th, the date of the sale. -The trial court denied the motion for relief, and that order was appealed to this court. We held that the appeal was premature because, in fact, the trial court had ruled upon Federal’s motion to dismiss and the Yunger’s 1.540 motion had not been set for hearing. Yunger v. Federal Home Loan Mortgage Corporation, 682 So.2d 1175 (Fla. 5th DCA 1996).
On remand a hearing was held. Through their attorney, the Yungers agreed with Federal to stipulate they were not challenging the summary judgment on its merits but only the sales process and notice. Based on that stipulation made in open court, the trial judge ordered the judicial sale be set aside, “without disturbing the December 21, 1995 summary judgment of foreclosure.”
The Yungers moved to file a counterclaim against Federal, which was denied. The court rendered an amended final summary judgment of foreclosure and set a new sales date. Apparently Federal was the successful bidder at the sale.
On appeal, the Yungers argue they should be able to challenge the merits of the final summary judgment of foreclosure due to lack of notice. They wish to challenge -Federal’s right to accelerate the mortgage debt. Clearly the Yungers could have asked the court to set aside the judgment under Florida Rule of Civil Procedure 1.540 for failure to give timely notice of the entry of the judgment, thereby causing them to lose their right of appeal. See Bennett v. Ward, 667 So.2d 378, 380, n. 3 (Fla. 1st DCA 1995); Gibson v. Buice, 381 So.2d 349 (Fla. 5th DCA 1980).
However, they did not choose this course of action. By virtue of their stipulation, they abandoned an attack on the merits and challenged only the date of. sale. The Yungers are bound by-their stipulation made in open court. See Sanders v. Bureau of Crimes Compensation, 474 So.2d 410 (Fla. 5th DCA 1985).
The Yungers also argue on appeal that the trial court erred in not granting them leave to file their counterclaim. Refusal to grant leave to amend an answer to assert a counterclaim may be an abuse of discretion in some cases if the counterclaim were compulsory and if it would therefore be barred in a subsequent action. See Bratcher v. Wronkowski, 417 So.2d 1132 (Fla. 5th DCA), rev. denied, 424 So.2d 760 (Fla.1982). However, the counterclaim in this ease, relates to alleged wrongful damage to personal property after the foreclosure, damages for alleged wrongful hiring of inexperienced agents to carry out the writ of possession, to recover possession of the home, and various due process and civil rights violations which occurred during the foreclosure process. These claims all relate to actions which de- *964 eurred after the Yungers’ default on the mortgage and cannot serve as defenses to their failure to pay. They are not compulsory claims, and may be brought separately or may be severed from the foreclosure litigation.
AFFIRMED.
GRIFFIN, C.J., and HARRIS, J., concur.