IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MELBOURNE HMA, LLC, D/B/A
WUESTHOFF MEDICAL
CENTER-MELBOURNE, ET AL.,

      Petitioners,

v.                                                                                          Case No. 5D16-0551

JANET B. SCHOOF, TERRENCE J.
SCHOOF, ET AL.,

      Respondents.

_____/

Opinion filed April 19, 2016

Petition for Writ of Mandamus,
George W. Maxwell, III, Respondent Judge.

Michael R. D'Lugo, Wicker, Smith, O'Hara,
McCoy & Ford, P.A., Orlando, for Petitioner,
Melbourne HMA, LLC, d/b/a Wuesthoff
Medical Center Melbourne.

Daniel M. Schwarz and Scott A. Cole, of
Cole, Scott & Kissane, P.A., Miami, for
Petitioners, Edward Danheiser, R.N. and
Medical Staffing Network Healthcare, LLC
d/b/a Intelistaf Travel.

Jeffrey C. Fulford, of Jeffrey C. Fulford,
P.A., Stuart, and R. Barry Morgan, of
Morgan Law Offices, P.A., Orlando, for
Respondents, Estate of Janet B. Schoof
and Terrence J. Schoof, Individually.

No Appearance for Respondents, Medical Staffing Network, Inc., Intelistaf Healthcare, Inc., and Cross Country Healthcare, Inc.

PER CURIAM.

Petitioner, Melbourne HMA, LLC, d/b/a Wuesthoff Medical Center-Melbourne, ("Wuesthoff") seeks a writ of mandamus directing the trial court to remove from the April 25, 2016 trial docket the case filed against it by Terence Schoof, individually, and as personal representative of the estate of Janet Schoof. Because the trial court deviated from Florida Rule of Civil Procedure 1.440 by setting the case for trial before it was at issue, we grant the writ.

Pursuant to rule 1.440, "[a]n action is at issue after any motions directed to the last pleading served have been disposed of or, if no such motions are served, 20 days after service of the last pleading." Fla. R. Civ. P. 1.440(a). Once the case is at issue, a party may file and serve a notice that the case is ready to be set for trial. Fla. R. Civ. P. 1.440(b). Thereafter, if the trial court determines the action is ready for trial, the rule directs the trial court to enter an order fixing a date for trial no less than 30 days from the service of the notice. Fla. R. Civ. P. 1.440(c). Thus, the rule "prescribes a minimum interval of fifty days between service of the last pleading and commencement of trial." Gawker Media, LLC v. Bollea, 170 So. 3d 125, 129 (Fla. 2d DCA 2015).

Strict compliance with rule 1.440 is required and failure to adhere to it is reversible error. See Lauxmont Farms, Inc. v. Flavin, 514 So. 2d 1133, 1134 (Fla. 5th DCA 1987). "Indeed, a trial court's obligation to hew strictly to the rule's terms is so well established that it may be enforced by a writ of mandamus compelling the court to strike a noncompliant notice for trial or to remove a case from the trial docket." Gawker

2

Media, LLC, 170 So. 3d at 130 (citing R.J. Reynolds Tobacco Co. v. Anderson, 90 So. 3d 289 (Fla. 2d DCA 2012)).

The last pleading in this case, Schoof's reply to Wuesthoff's answer and affirmative defenses to the second amended complaint,[1] was filed on March 14, 2016. Pursuant to rule 1.440, twenty days later – Monday, April 4, 2016 – the case was at issue. At that point, Schoof should have filed a new notice for trial.[2] Thereafter, the trial court should have filed an order setting the case for trial at least 30 days out. Had the rule been strictly followed, the earliest the trial could have been set was May 4, 2016.

Accordingly, we grant the writ, strike the order setting trial for April 25, 2016, and direct the trial court to remove the case from the trial calendar.

PETITION GRANTED.

BERGER, WALLIS and LAMBERT, JJ., concur.

---

[1] Upon the death of Janet Schoof, the second amended complaint substituted Terence Schoof, the Personal Representative of the Estate for Janet Schoof, as the party plaintiff and added six wrongful death claims.

[2] After the filing of the second amended complaint, Terence Schoof sought to keep the case scheduled for trial on the three-week trial period beginning April 25, 2016. Wuesthoff did not oppose the party substitution or amended complaint, but objected to keeping the case on the April 25, 2016 trial docket.