FAIRHAVEN SAVINGS BANK *vs.* JOSEPH S. CALLAHAN. April 3, 1984. *Mortgage*, Real estate: foreclosure, deficiency after foreclosure, notice of foreclosure.

Following foreclosure of a mortgage given by the defendant to the plaintiff, the plaintiff filed a complaint in a District Court for a deficiency remaining after the foreclosure sale. A District Court judge found for the plaintiff, and the defendant claimed a report to the Appellate Division, which dismissed the report. The defendant appealed the dismissal to this court. We affirm.

From the judge's findings we learn that the defendant, a practicing attorney, borrowed $40,000 from the plaintiff and gave a note and mortgage to secure the indebtedness. After two mesne conveyances, one by the defendant to a corporation, and another from that corporation to a second corpo-

ration (both conveyances being subject to the plaintiff's mortgage), the defendant defaulted in his mortgage payments. The plaintiff commenced foreclosure proceedings at a time when the defendant owed the plaintiff $39,110.85 on the note and real estate taxes in the amount of $3,497.61. The plaintiff had a tax escrow account in which the defendant had deposited $1,735.36. To initiate foreclosure, the plaintiff sent a letter to its law firm with instructions to start foreclosure of the mortgage.

The judge found and ruled that the plaintiff had complied with the requirements of G. L. c. 244, § 14 (notice of foreclosure), and § 17B (notice of intent to charge mortgagor with the deficiency, if any) to the extent that the defendant was on notice of the foreclosure sale and potential liability for the deficiency. In fact, the defendant was present at the foreclosure sale. See *Palumbo* v. *Audette*, 323 Mass. 559, 560 (1949). We accept the finding and ruling on the issue of compliance. We are unable to decide the question whether the evidence was sufficient to warrant a finding of compliance because we do not have a transcript of the evidence.

The defendant's argument that the letter dated February 23, 1977, from the plaintiff to its law firm, giving instructions to foreclose, must be under seal in order for the foreclosure conducted pursuant to G. L. c. 244, § 14, to be valid comes perilously close to being frivolous. We accept the judge's determination that the plaintiff-mortgagee conducted the foreclosure, with its lawyers merely assisting in the preparation of legal documents.

The defendant further argues that the judge erred in failing to rule that the plaintiff violated its fiduciary duty at the foreclosure sale. He suggests that the purchase price of $10,000 on property securing a $40,000 debt was so inadequate as to constitute a breach of fiduciary duty as a matter of law. We disagree. The standard applied in circumstances such as this is whether the purchase price at foreclosure as compared with the market value was so grossly inadequate as to invalidate the sale. See *Chartrand* v. *Newton Trust Co.*, 296 Mass. 317, 320-321 (1936). The record does not reveal any evidence of the market value. Therefore, we cannot conclude that the judge erred.

Finally, there is nothing in the record to suggest error in the judge's denial of the defendant's motion for amended and additional findings and his motion for new trial and alteration of the judgment.

*Judgment affirmed.*

*Brian R. Corey* for the defendant.
*Donald J. Fleming* for the plaintiff.

