SCHOONOVER, Acting Chief Judge.
Appellant, Bill Scott, d/b/a Bill Scott Trucking, appeals from a nonfinal order denying his motion to set aside a final default judgment. We affirm in part and reverse in part.
The final default judgment against Scott was obtained by appellee, Ernest W. Revels, Jr., and it awarded Revels damages, interest, costs, and an attorney’s fee. After Scott’s motion to vacate the default judgment was denied, he timely filed this interlocutory appeal.
We find there was sufficient competent evidence to support the trial court’s finding that Scott had been properly served by substitute service. We also find that the trial court did not abuse its discretion in denying the motion to vacate the default judgment. See North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962); Chamberlin v. Mid-Century Insurance Co., 350 So.2d 364 (Fla. 2d DCA 1977). We agree, however, that the court erred in awarding Revels an attorney’s fee without notice and an opportunity to be heard as to the amount of that fee. Although a default admits the plaintiff’s entitlement to liquidated damages, a reasonable attorney’s fee is not liquidated. Scott, accordingly, had a due process entitlement to notice and an opportunity to be heard on the question of the amount of the fee. Bowman v. Kingsland Development, Inc., 432 So.2d 660 (Fla. 5th DCA 1983); Fla.R.Civ.P. 1.440(c).
We, therefore, affirm the trial court’s ruling denying Scott’s motion to vacate the default judgment, but reverse and remand for a hearing in connection with the amount of the attorney’s fee to be awarded Revels.
Affirmed in part, reversed in part, and remanded.
FRANK and HALL, JJ., concur.