633 So.2d 551 (1994)
ASIAN IMPORTS, INC., a Nebraska corporation, d/b/a Exotica Imports, and Phyllis Firoz, individually, Appellants,
v.
Frank W. PEPE, Sr., Appellee.
No. 92-2580.
District Court of Appeal of Florida, First District.
March 15, 1994.
*552 Joseph E. Warren, Jacksonville, for appellants.
Katherine G. Jones and Hamilton D. Upchurch of Upchurch, Bailey and Upchurch, P.A., St. Augustine, for appellee.
LAWRENCE, Judge.
Asian Imports, Inc. and its president Phyllis Firoz, individually, (defendants below) timely appeal from a non-final order denying their amended motion to vacate a final judgment of foreclosure. The defendants contend that the trial court violated their due process rights in awarding unliquidated damages in the form of unpaid principal, interest, attorney's fees and costs to the appellee, Frank Pepe, (plaintiff-mortgagee below) without affording them notice and an opportunity to be heard on the amount of damages. We affirm in part and reverse in part as to this issue, affirming without discussion as to all other issues raised.
Asian Imports executed a promissory note on July 18, 1991, in favor of the plaintiff in the principal amount of $205,000 with interest at the rate of eighteen percent per annum, secured by a mortgage on commercial real estate. Defendant Firoz guaranteed the note. Asian Imports defaulted on the loan when the second monthly payment became due. Plaintiff then sued to foreclose his mortgage, alleging the defendants owed him $204,985.47 in unpaid principal, $13,938.64 in interest, and an estimated $10,000 in attorney's fees. Copies of the mortgage deed, promissory note and guaranty agreement were attached as exhibits to the complaint. Both of the defendants were served with the complaint and neither filed an answer nor other responsive pleading. The clerk of the court subsequently entered defaults against each of them.
Plaintiff moved for final judgment of foreclosure on May 15, 1992, and without notice of hearing the trial court entered final judgment, awarding the plaintiff unpaid principal and interest, and approximately $2500 in attorney's fees and costs. Counsel for the defendants moved to vacate and set aside the judgment, arguing that the judgment was void and violative of the defendants' due process rights because it awarded unliquidated damages (i.e., unpaid principal, interest, attorney's fees and costs) without first holding a trial to determine the amount of unliquidated damages. The trial court denied the amended motion to vacate. We affirm in part, and reverse in part.
A defaulting party has a due process entitlement to notice and an opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages. Bowman v. Kingsland Dev., Inc., 432 So.2d 660 (Fla. 5th DCA 1983); Fla. R.Civ.P. 1.440(c).[1] The distinction between liquidated and unliquidated damages is as follows:
Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law. Since every negotiable instrument must be an "unconditional promise or order to pay a sum certain in money" (see e.g., §§ 673.104(1)(b) and 673.106, Fla. Stat. (1981), actions for the sums directly due on negotiable instruments are, by definition, actions for liquidated damages. *553 However, damages are not liquidated if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment.
Bowman, 432 So.2d at 662-63; see Mathews Corp. v. Green's Pool Serv., 584 So.2d 1006 (Fla. 3d DCA 1990) (sworn-to claim of lien attached to and incorporated by complaint seeking to foreclose mechanic's lien constituted claim for liquidated damages such that it was unnecessary to hold hearing before entry of final judgment), review denied, 592 So.2d 681 (Fla. 1991).
The unpaid principal and interest in the present case are liquidated damages. In addition to setting forth the exact sums owing on the unpaid principal in his complaint, the plaintiff attached and incorporated copies of the mortgage deed, promissory note, and guaranty agreement. Mathews Corp. Thus, the defendants, who defaulted, are not entitled to notice of a hearing determining these amounts. Bowman.
Nevertheless, we find the court erred in awarding plaintiff attorney's fees without notice to the defendants of the hearing on that issue. Florida courts have held that an item of damages for "reasonable attorney's fees" is not liquidated damages. Bowman; Scott v. Revels, 491 So.2d 1230 (Fla. 2d DCA 1986). Accordingly, we affirm the trial court's ruling denying the defendants' motion to vacate the final judgment, except as to the provision for attorney fees, on which issue we reverse and remand for a hearing on the amount to be awarded to the plaintiff.
AFFIRMED in part, REVERSED in part, and REMANDED.
BOOTH and MICKLE, JJ., concur.
NOTES
[1] Rule 1.440(c), Florida Rules of Civil Procedure, provides in relevant part: "[i]n actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with rule 1.080(a)."