642 So.2d 32 (1994)
Dennis LEVINE, Appellant,
v.
DEL AMERICAN PROPERTIES, INC., etc., et al., Appellee.
No. 93-262.
District Court of Appeal of Florida, Fifth District.
August 12, 1994.
Rehearing Denied September 12, 1994.
Julian H. Kreeger, Miami, for appellant.
Stephen C. Bullock and Alan K. Ragan of Marks, Gray, Conroy & Gibbs, P.A., Jacksonville, for appellee.
THOMPSON, Judge.
Dennis Levine ("Levine") appeals the final judgment of default rendered in favor of Del American Properties, Inc. ("Del American"). We affirm in part and reverse in part. Although numerous issues were raised on appeal, only the issues of the entry of default and the determination of damages merit discussion.
Del American filed a complaint against Adasar Group, Inc. ("AGI") and Adasar's president, Dennis Levine, individually. The complaint alleged fraud, breach of contract and conversion, and demanded a jury trial. Levine responded by serving a pro se answer on Del American's attorney for himself and for AGI. Levine is not an attorney.[1] There is no record that the answer was ever filed in the court file.[2]
In order to complete discovery, Levine was scheduled to appear for depositions duces *33 tecum on three separate occasions. He failed to appear on each occasion. After each failure to appear, Del American's attorneys filed a motion to compel deposition. A motion for sanctions was also filed with the trial judge after Levine's second and third failures to appear. Levine and his attorney received notice of each hearing along with a copy of the motions for each hearing. The motions were filed pursuant to Florida Rules of Civil Procedure 1.380(b)(2)(C). Rule 1.380(b)(2)(C) reads in pertinent part:
(b) Failure to Comply With Order.
(2) If a party or an officer ... fails to obey an order to provide or permit discovery ... the court in which this action is pending may make any of the following orders:
.....
(C) An order striking out pleadings or parts of them or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part of it, or rendering a judgment by default against the disobedient party.
Fla.R.Civ.P. 1.380.
After the third failure of Levine to appear, Del American scheduled a hearing on the third pending motion to compel deposition and second motion for sanctions. Notice was provided to Levine and his attorney along with a copy of the motions. Again, Levine and his attorney did not appear. The trial judge sanctioned Levine by striking his answer and affirmative defenses. In entering the order, the trial judge wrote:
8. This court finds that the record demonstrates that Dennis Levine has made conscious decisions to ignore the procedural rules and this Court's direct Orders. The terms of the Court's Orders were explicit, and Dennis Levine willfully and deliberately violated those terms. Dennis Levine's conscious decision to ignore this Court's Orders renders sanctions both necessary and justified.
9. The plaintiff's motion is granted, and the Answer and Affirmative Defenses filed by defendant Dennis Levine are hereby stricken as sanctions for defendant Dennis Levine's willful and deliberate violation of this Court's Orders.
The trial judge subsequently scheduled a hearing on Del American's motion for default. Del American sent a copy of the hearing date and the motion to Levine's attorney. Levine's attorney received the copy of the motion and the hearing date. The hearing was held and a default was entered. Neither Levine nor his attorney appeared. When a copy of the default was sent to Levine's lawyer, he noticed that in the body of the order it had the word "judgment" crossed out, but the trial judge had neglected to cross out "judgment" in the title of the order. The trial judge had modified an order submitted to him by Del American. The judge had corrected the copies he distributed to the clerk and Del American.
Del American filed a motion for entry of final judgment for the sum of $1.1 million against Levine. An affidavit of Christopher Del Guidice, president of Del American, was attached to the motion stating that the total damages caused by Levine's fraudulent conduct was $1.1 million. Again, neither Levine nor his attorney appeared at the hearing. The trial judge entered this amount in the final judgment. Levine argues that he and his attorney did not appear because they thought the final judgment had been entered previously and sent to Levine's attorney. Further, they argue (and the record supports) that inadequate notice of the hearing to determine damages was given. Eight days after the entry of the judgment, Levine filed a motion for rehearing of the entry of final judgment stating that Del American's complaint was an action only for liquidated damages in the amount of $25,000 and that the judgment awarding $1.1 million was for unliquidated damages based upon an insufficient affidavit. Levine argued that Del Guidice did not make the affidavit in good faith or it constituted a fraud on the court because it stated that the complaint was "true to the best of my knowledge" and the date of loss was calculated improperly and therefore the damages were inaccurate. The trial court denied the motion. Levine appeals.
First, this case is not one where the test announced by the Florida Supreme *34 Court in Kozel v. Ostendorf, 629 So.2d 817 (Fla. 1993) applies. In Kozel, the Florida Supreme Court was concerned about the harsh effect of dismissing a litigant's case because the litigant's lawyer did not comply with the rules of procedure. The court opined that before any sanctions as severe as dismissal could be imposed, the trial court had to review six factors to see if the lawyer's disruptive behavior warranted the ultimate sanction of dismissal. Kozel, 629 So.2d at 818. Since the litigant committed the disruptive behavior in this case and not the lawyer, Kozel does not apply. Levine was given numerous occasions to comply with specific court orders requiring that he attend discovery depositions. He received the notices and acknowledged them, but he refused to attend. The trial court documented Levine's recalcitrance in his order, and indeed the trial court's patience with Levine. This order details with particularity the disruptive and contumacious behavior of Levine as the reason for the sanction of dismissal. See Commonwealth Fed. Sav. and Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla. 1990) (holding that it is within the trial judge's discretion to order dismissal or default as a sanction for failing to comply with discovery requirements, but the order should contain an explicit finding of willful noncompliance) (reaffirming Mercer v. Raine, 443 So.2d 944 (Fla. 1983)). There has been no showing of abuse of discretion by the trial judge in determining the severity of sanctions to be imposed for failure to make discovery. Harless v. Kuhn, 403 So.2d 423, 425 (Fla. 1981); Fla. R.Civ.Pro. 1.380(b)(2)(C). We affirm the dismissal and the entry of the default.
We reverse, however, as to the determination of damages without allowing Levine the opportunity for a trial on the issue of damages. In their pleadings, both parties requested a trial on the issue of damages. The complaint alleges liquidated damages in the amount of $25,000, not $1.1 million. Levine was not given an opportunity to present his case, as to the correct amount of unliquidated damages, to a trier of fact. Florida Rules of Civil Procedure 1.440(c) requires that in an action where the damages are not liquidated, the party against whom the default is sought must be given timely notice of the default proceeding. Failure to give proper notice is reversible error. Lauxmont Farms, Inc. v. Flavin, 514 So.2d 1133 (Fla. 5th DCA 1987). We quash the $1.1 million judgment and remand for a trial on the issue of damages.
AFFIRMED in part and REVERSED in part and REMANDED.
GOSHORN and DIAMANTIS, JJ., concur.
NOTES
[1] In a subsequent pleading, Levine's attorney sought to withdraw Levine's pro se answers. Levine's attorney admitted that Levine was a "non-lawyer." The trial court granted the motion as to AGI and denied the motion as to Levine. Levine was represented by an attorney throughout the remainder of the case.
[2] The docket sheet does not show a record of the answer being filed in the court file. The record is unclear whether the answer was never filed or whether it was removed from the court file when the trial court struck the answer and affirmative defenses.