670 So.2d 1073 (1996)
Daniel J. ROGGEMANN, Appellant,
v.
BOSTON SAFE DEPOSIT AND TRUST COMPANY, Appellee.
No. 95-1084.
District Court of Appeal of Florida, Fourth District.
March 20, 1996.
*1074 Juan C. Martinez and Roland R. St. Louis, Jr. of Friedman, Rodriguez, Ferraro & St. Louis, P.A., Miami, for appellant.
Marcos D. Jimenez and Carlos B. Castillo of White & Case, Miami, for appellee.
GROSS, Judge.
Daniel J. Roggemann appeals a final default judgment in favor of Boston Safe Deposit and Trust Company. We find that the trial court did not abuse its discretion by striking Roggemann's pleadings and entering a default. We reverse the damage award in part because Roggeman was entitled to an evidentiary hearing on the issue of reasonable attorney's fees.
In its order granting Boston Safe's motion for sanctions, the trial court found that
Roggemann's conduct has demonstrated either a deliberate and contumacious disregard for this Court's authority or a gross indifference to the orders of this Court.
Based upon a review of the record, we conclude that the trial court did not abuse its discretion in making such a ruling and entering *1075 a default. Commonwealth Federal Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271, 1273 (Fla.1990). A finding that a party has acted with a deliberate and contumacious disregard of a trial court's order justifies the application of the severest of sanctions. Mercer v. Raine, 443 So.2d 944, 946 (Fla. 1983) (citing Swindle v. Reid, 242 So.2d 751 (Fla. 4th DCA 1970)).
The entry of the default eliminated the defenses Roggeman pled.[1] The main item of damages was liquidated under Massachusetts law, which controls substantive matters in this case. See generally Shawmut Bank, N.A. v. Chase, 609 N.E.2d 479, 481 (Mass.App.Ct.1993); Fairhaven Savings Bank v. Callahan, 391 Mass. 1011, 462 N.E.2d 112, 114 (1984); Sher v. South Shore Nat'l Bank, 360 Mass. 400, 274 N.E.2d 792 (1971); Pemstein v. Stimpson, 36 Mass.App. 283, 630 N.E.2d 608, 610-11, 614-15 (1994), rev. denied, 636 N.E.2d 279 (Mass.1994). Thus, it was not necessary to hold an evidentiary hearing to establish these damages, since the court could determine the proper amount owed from the allegations in the complaint and the attachments incorporated into it. Mathews Corp. v. Green's Pool Service, 584 So.2d 1006, 1007 (Fla. 3d DCA 1990), review denied, 592 So.2d 681 (Fla. 1991); see Asian Imports, Inc. v. Pepe, 633 So.2d 551, 553 (Fla. 1st DCA 1994).
For unliquidated damages, a different result obtains. Roggemann's guaranty provided for the assessment of reasonable attorney's fees incurred by Boston Safe in collection. A "reasonable attorney's fee" is an unliquidated item of damages because testimony must be taken to ascertain facts upon which a judge or jury can base a value judgment. Bowman v. Kingsland Development, Inc., 432 So.2d 660, 663 (Fla. 5th DCA 1983); Scott v. Revels, 491 So.2d 1230 (Fla. 2d DCA 1986); see Parker v. Dekle, 35 So. 4, 5 (Fla.1903). A trial is necessary to establish unliquidated damages. Lauxmont Farms, Inc. v. Flavin, 514 So.2d 1133 (Fla. 5th DCA 1987).
In this case, Boston Safe's attorneys secured time on the judge's calendar and mailed a notice of a 15 minute hearing on "Plaintiff's submission in support of entry of final default judgment," giving Roggeman one week's notice for a hearing on March 2, 1995. Roggemann filed a written objection to the hearing. The trial court relied on affidavits at the hearing to award attorney's fees of $62,909.70, noting that Roggemann had filed no affidavits controverting those submitted by the plaintiff.
Several factors require reversal. The method of setting the hearing was improper. Roggemann was entitled to an evidentiary hearing on the issue of attorney's fees noticed in compliance with Florida Rule of Civil Procedure 1.440.[2]Bowman, 432 So.2d at 663; Levine v. Del American Properties, Inc., 642 So.2d 32, 34 (Fla. 5th DCA 1994); see Bennett v. Continental Chemicals, Inc., 492 So.2d 724 (Fla. 1st DCA 1986); Jackson v. Feit, 594 So.2d 869 (Fla. 4th DCA 1992). Rule 1.440(c) mandates that a trial be set by an order of the court not less than 30 days from the service of a notice for trial. Bennett, 492 So.2d at 727-28.[3] Further, over objection, a trial court cannot rely on affidavits at the hearing to assess attorney's fees, since they are hearsay. §§ 90.801, 90.802, Fla.Stat. (1995). The reference in Florida Rule of Civil Procedure 1.500(e) to the court receiving affidavits does not modify the rules of evidence in a contested trial on unliquidated damages. See Winky's, Inc. v. Francis, 229 So.2d 903, 906 (Fla. 3d DCA 1969).
For these reasons, we reverse the trial court's determination of attorney's fees and remand for a trial on that issue.
*1076 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GUNTHER, C.J., concurs.
STONE, J., concurs in part and dissents in part with opinion.
STONE, Judge, concurring in part and dissenting in part.
In my judgment, all damages in question were unliquidated. I consider the cited Massachusetts authority to be inapposite. I would, therefore, reverse and remand for an evidentiary hearing as to the primary amount owed in addition to the amount of attorney's fees. In all other respects, I concur in the majority opinion.
NOTES
[1] Certain defenses to a deficiency under Massachusetts law were not raised in the trial court.
[2] This was not a case where compliance with Rule 1.440 was waived by stipulation or by participation in a final hearing without objection. See Parrish v. Dougherty, 505 So.2d 646 (Fla. 1st DCA 1987); cf. International Jai-Alai v. Dania Jai-Alai, 563 So.2d 1117 (Fla. 4th DCA 1990); S.W.T. v. C.A.P., 595 So.2d 1084 (Fla. 4th DCA 1992).
[3] In October, 1994, the trial court entered an order setting the case for trial during the non-jury weeks of March 6-24, 1995. The issue of attorney's fees could have been tried during that non-jury docket without violating Rule 1.440(c).