PER CURIAM.
 

 Of the issues raised by appellants, Anne Matejka and Jean Ceccaldi, in their appeal from the final judgment for damages en
 
 *866
 
 tered after default, we find only the first has merit. We affirm the others without discussion.
 

 In 1994, the parents of Anne Matejka and Vera Dulaney executed a trust of which Matejka, Dulaney and another sister are beneficiaries. In 2006, after the parents died, Dulaney filed a complaint against Matejka and her husband, Jean Ceccaldi, for a trust accounting. After Matejka and Ceccaldi abandoned their defense of the suit and moved to France, the trial court entered the default judgment in favor of Dulaney. Dulaney then filed a Motion for Final Judgment requesting a specific amount of damages.
 

 On April 17, 2009, Dulaney sent internationally by regular mail a Notice of Final Hearing to be held on June 9, 2009, to Matejka and Ceccaldi. On April 24, 2009, Dulaney sent by regular mail a Re-Notice of Hearing to them which moved the hearing up to May 4, 2009. The hearing was moved up more than a month and the re-notice was mailed to Matejka and Ceccaldi only ten days before the hearing.
 

 Appellants argue that they were not given sufficient notice of the final hearing on damages after the default judgment was entered. Due to the adversarial nature of this trust action, the issue of notice is governed by the Florida Rules of Civil Procedure. Fla. Prob. R. 5.025(d)(2) (2006). In
 
 Bowman v. Kingsland Development, Inc.,
 
 432 So.2d 660 (Fla. 5th DCA 1983), the court held:
 

 A default admits every cause of action that is sufficiently well-pled to properly invoke the jurisdiction of the court and to give due process notice to the party against whom relief is sought. A default also admits the plaintiffs entitlement to
 
 liquidated
 
 damages due under the pleaded cause of action, but not
 
 unliqui-dated
 
 damages. Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law.... A defaulting party has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages. Protection of this right is provided by Florida Rule of Civil Procedure 1.080(h)(1) and the last sentence in Rule 1.440(c).
 

 Id.
 
 at 662-63.
 

 Rule 1.080(h)(1) provides in part: “No service need be made on parties against whom a default has been entered except orders setting an action for trial as prescribed in rule 1.440(c) and final judgments that shall be prepared and served as provided in subdivision (h)(2).” Rule 1.440(c) provides:
 

 (c) Setting for Trial. If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than 30 days from the service of the notice for trial. By giving the same notice the court may set an action for trial. In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with rule 1.080(a).
 

 As the damages in this case cannot be determined with exactness from the trust agreement, which did not even include the schedule of property to be included, the damages were unliquidated. Appellants have a due process entitlement to not less than thirty days notice under the rules. They were given ten days notice at most. We reverse and remand for a new trial on damages.
 

 
 *867
 

 Reversed and Remanded for New Trial on Damages.
 

 STEVENSON, HAZOURI and GERBER, JJ., concur.