WARNER, J.
Appellants, Marc Minkoff and Diebi Zhou, appeal the trial court’s final judgment entered in favor of appellees, Caterpillar Financial Services Corp., d/b/a/ FCC Equipment Financing and Sunshine State Land Corp., on a secured transaction for the purchase of equipment, which loan was guaranteed by Minkoff and Zhou. They contend that the court erred in failing to set aside the default entered against them and rendered a judgment against them including attorney’s fees without providing an opportunity to be heard. The trial court committed no error in denying the motion to set aside the default. However, we agree that the court failed to provide them with an opportunity to be heard and present evidence at the final judgment hearing on the issue of attorney’s fees.
Caterpillar filed a complaint for damages and replevin against Sunshine, Min-koff, and Zhou, based upon Sunshine’s failure to make payments on a loan secured by equipment. Minkoff and Zhou guaranteed the loan and were sued on that guarantee. Caterpillar sought to collect on the guarantee the amount of the unpaid loan set forth on the complaint, plus attorney’s fees and costs. After service on the defendants, they failed to answer, and Caterpillar secured a clerk’s default against them *1051 all. Minkoff and Zhou then filed a pro se motion to dismiss the complaint, claiming lack of personal service. They filed an amended motion to dismiss also on the ground of lack of personal service.
Caterpillar filed its motion for final judgment based upon the clerk’s default. In the motion, it requested judgment for the unpaid balance of the loan as set forth in the complaint, plus attorney’s fees and costs. To the motion, it attached an affidavit of reasonable attorney’s fees and costs. Four days later Minkoff and Zhou filed a motion to quash service of process and to vacate the default, as well as a response to the motion for final judgment alleging that the court should not consider entry of final judgment while the motions to dismiss and to vacate the default were pending.
Less than ten days later, the court held a hearing on the motion for final judgment. Caterpillar argued that service was proper, and that Minkoff and Zhou had tried to avoid service. The court found service sufficient and denied the motion to set aside the default. Caterpillar then presented the court with a proposed final judgment over Minkoffs objection that he had the right to be heard on other matters. The court signed the final judgment, which included attorney’s fees based upon the amount in the affidavit attached to the motion, prompting this appeal.
Minkoff and Zhou claim that they were denied the right to be heard prior to the court entering a final judgment including reasonable attorney’s fees. We agree that the court erred in failing to provide the guarantors with the opportunity to contest the amount of attorney’s fees.
“A default admits a plaintiffs entitlement to liquidated damages under a well-pled cause of action, but not to unliq-uidated damages.” Bodygear Activewear, Inc. v. Counter Intelligence Servs., 946 So.2d 1148, 1150 (Fla. 4th DCA 2006) (citing Bowman v. Kingsland Dev., Inc., 432 So.2d 660 (Fla. 5th DCA 1983)). As a result, “‘[a] defaulting party has a due process entitlement to notice and an opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial interpretation of the amount of unliquidated damages.’” Id. (quoting Asian Imports, Inc. v. Pepe, 633 So.2d 551, 552 (Fla. 1st DCA 1994)). “[Djamages are not liquidated if a court must consider testimony or evidence ‘to ascertain facts upon which to base a value judgment.’” Id. (quoting Bowman, 432 So.2d at 662). As such, “[cjlaims for reasonable attorney’s fees are considered unliquidated damages.” Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So.2d 662, 665 (Fla. 3d DCA 2007).
Where the damages are unliqui-dated, a court must consider evidence and testimony to arrive at the appropriate amount. See Bodygear, 946 So.2d at 1150. Bodygear relied in part on Parker v. Dekle, 46 Fla. 452, 35 So. 4 (1903), in which the supreme court found fundamental error in the entry of the final judgment which included attorney’s fees determined solely on the basis of an ex parte affidavit from an attorney as to the reasonable fee. “[I]n order to ascertain what would' be a reasonable attorney’s fee in any case requires the introduction of testimony.” Parker, 35 So. at 5. See also Arango v. Alvarez, 585 So.2d 1131, 1133 (Fla. 3d DCA 1991) (error to make an award of attorney’s fees without first providing notice and holding an evidentiary hearing); Bowman, 432 So.2d at 662-64 (same).
In this case, while Caterpillar moved for final judgment based upon default and provided notice to Minkoff and Zhou, it did not set an evidentiary hearing and fur *1052 nished only an affidavit on attorney’s fees.[1] It was error for the court to enter final judgment including the unliquidated attorney’s fees without providing for an eviden-tiary hearing. Minkoff and Zhou had the right to be heard and present evidence on the issue of attorney’s fees.
Therefore, we reverse the final judgment and remand for the trial court to conduct an evidentiary hearing on the amount of attorney’s fees. We affirm as to all other issues raised by Minkoff and Zhou.
PSOLEN and STEVENSON, JJ., concur.

. Caterpillar also did not move for summary judgment on the issue, giving appropriate notice to the defendants and alerting them to the requirement to offer opposing affidavits should they contest the amount of attorney's fees.