PER CURIAM.
Appellants, BOYI, LLC and Eduardo Bozo, appeal two orders of the trial court entered after the appellants defaulted on a *851 commercial loan. One order reinstated a default final judgment against appellants and in favor of appellee, Florida Community Bank, N.A. The other order denied appellants’ subsequent motion to quash service of process and vacate the default final judgment, which the appellants had filed within ten days of the final judgment’s reinstatement. Although a number of appellate issues were raised as to these two orders and the default final judgment entered, we find only one issue worthy of comment.
Appellants contend the trial court erred by failing to vacate the portion of default final judgment which awarded un-liquidated damages in the amount of $2,845.00 because the Bank failed to provide the required thirty-day notice for a trial on such damages under Florida Rule of Civil Procedure 1.440(c). Appellants allege they were not afforded the opportunity to be heard regarding these damages, nor did the court require proof of said damages from the appellees before the court’s entry of the final judgment. Ap-pellees concede error on this point. We agree and reverse.
As this court stated in Minkoff v. Caterpillar Financial Services Corp., 103 So.3d 1049 (Fla. 4th DCA 2013):
“A default admits a plaintiffs entitlement to liquidated damages under a well-pled cause of action, but not to un-liquidated damages.” Bodygear Activewear, Inc. v. Counter Intelligence Servs., 946 So.2d 1148, 1150 (Fla. 4th DCA 2006) (citing Bowman v. Kingsland Dev., Inc., 432 So.2d 660 (Fla. 5th DCA 1983)). As a result, “ ‘[a] defaulting party has a due process entitlement to notice and an opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial interpretation of the amount of unliquidated damages.’ ” Id. (quoting Asian Imports, Inc. v. Pepe, 633 So.2d 551, 552 (Fla. 1st DCA 1994)). “[D]amages are not liquidated if a court must consider testimony or evidence ‘to ascertain facts upon which to base a value judgment.’ ” Id. (quoting Bowman, 432 So.2d at 662).
103 So.3d at 1051.
Although the portion of the final judgment awarding unliquidated damages should be vacated, the remainder of the final judgment that included liquidated damages is not void for lack of proper notice. See Sarasota Estate & Jewelry Buyers, Inc. v. Joseph Gad, Inc., 25 So.3d 619, 621 (Fla. 2d DCA 2009) (“While the trial court may award liquidated damages without notice, it is fundamental error for the court to award unliquidated damages without providing the required notice and without requiring proof of damages.”); Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So.2d 662, 666 (Fla. 3d DCA 2007) (“An error in notice, however, does not void the entire judgment, only that portion awarding unliquidated damages.”).
Therefore, that portion of the final judgment awarding unliquidated damages is reversed, and the matter is remanded to the trial court for an evidentiary hearing on the amount of such damages only. We affirm on all other issues raised.

Affirmed in part, Reversed in part, and Remanded.

STEVENSON, CIKLIN and KLINGENSMITH, JJ., concur.