DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**SHARON P. TALBOT,**
Appellant,

v.

**MARGARET A. ROSENBAUM,**
Appellee.

Nos. 4D11-4338 and 4D12-4312

[July 23, 2014]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lucy Chernow Brown, Judge; L.T. Case No. 501997CA010567XXXXMB.

Lawrence U. Taube of the Law Office of Lawrence U. Taube, West Palm Beach, for appellant.

Albert J. Piantini of Piantini and Associates, P.A., Coral Gables, and Andrew M. Kassier of Andrew M. Kassier, P.A., Coral Gables, for appellee.

CIKLIN, J.

Sharon Talbot, the defendant below, appeals several orders of the trial court, including a default and default final judgment awarding damages to the plaintiff, Margaret Rosenbaum. Talbot raises three issues on appeal, one of which we determine merits discussion. Talbot contends that the damages alleged in Rosenbaum's complaint were unliquidated therefore requiring a hearing to determine the proper amount. We agree.

The underlying action for conversion and replevin arose from Talbot's acquisition of property that was originally purchased with the proceeds of a $75,000 loan made by Rosenbaum to a third party. According to the complaint, Rosenbaum lent the money to the third party, an owner of a Miami sports memorabilia business. The loan was intended to financially assist the third party with the purchase of equipment and inventory for the memorabilia store. The loan was memorialized in a security agreement upon which the owner/third party defaulted shortly after its execution. The defaulting third party then moved all of the

inventory and equipment to Palm Beach County, and gifted it to Sharon's Sportsplex, Inc., which he co-owned with Talbot. Talbot placed the inventory and equipment in a storage facility and refused Rosenbaum's repeated demands for possession of the property.

After litigation commenced, it was discovered that Talbot disposed of the property. Because of "willful and repeated violations" of various discovery rules and a court order, the trial court exercised its discretion and struck Talbot's pleadings. Rosenbaum eventually moved for a default and default final judgment and therein sought liquidated damages in the amount of $75,000 exclusive of interest, costs, and attorneys' fees. The trial court granted Rosenbaum's motion and entered a default final judgment against Talbot in the amount of $76,800 in compensatory damages, plus pre-judgment interest.[1]

Talbot contends that the trial court erred by characterizing the damages as liquidated and awarding damages without conducting a hearing to determine the value of the property at issue. Rosenbaum counters that argument and contends that the damages amount was liquidated because the court could determine that Talbot owed Rosenbaum $75,000 for the conversion count "with exactness."

Whether damages alleged are liquidated or unliquidated is a question of law subject to de novo review. *See R & B Holding Co. v. Christopher Adver. Grp.*, 994 So. 2d 329, 331 (Fla. 3d DCA 2008) (noting that the proper method of computing damages is a question of law). Although Talbot failed to raise the issue of unliquidated damages below, "the setting of unliquidated damages without the required notice and without proof is regarded as fundamental error." *Cellular Warehouse, Inc. v. GH Cellular, LLC*, 957 So. 2d 662, 666 (Fla. 3d DCA 2007) (citations and quotation marks omitted). Because fundamental error may be raised for the first time on direct appeal, *Sanford v. Rubin*, 237 So. 2d 134, 137 (Fla. 1970), this court may review Talbot's unliquidated damages argument.

Liquidated damages are those that "can be determined with exactness from the cause of action as pleaded." *Matejka v. Dulaney*, 40 So. 3d 865, 866 (Fla. 4th DCA 2010) (quoting *Bowman v. Kingsland Dev., Inc.*, 432 So. 2d 660, 662 (Fla. 5th DCA 1983)). "When the complaint alleges only general damages without demanding a specific amount" and a default judgment is entered, "damages are deemed unliquidated." *Watson v.*

---

[1] The final judgment does not explain or otherwise account for what appears to be an "extra" $1,800.

*Internet Billing Co.*, 882 So. 2d 533, 534 (Fla. 4th DCA 2004) (citations omitted). As this court has previously stated:

> "A default admits a plaintiff's entitlement to liquidated damages under a well-pled cause of action, but not to unliquidated damages." *Bodygear Activewear, Inc. v. Counter Intelligence Servs.*, 946 So. 2d 1148, 1150 (Fla. 4th DCA 2006) (citing *Bowman v. Kingsland Dev., Inc.*, 432 So. 2d 660 (Fla. 5th DCA 1983)). As a result, "'[a] defaulting party has a due process entitlement to notice and an opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial interpretation of the amount of unliquidated damages.'" *Id.* (quoting *Asian Imports, Inc. v. Pepe,* 633 So. 2d 551, 552 (Fla. 1st DCA 1994)). "[D]amages are not liquidated if a court must consider testimony or evidence 'to ascertain facts upon which to base a value judgment.'" *Id.* (quoting *Bowman,* 432 So. 2d at 662).

*BOYI, LLC v. Premiere Am. Bank, N.A.*, 127 So. 3d 850, 851 (Fla. 4th DCA 2013) (quoting *Minkoff v. Caterpillar Fin. Servs. Corp.,* 103 So. 3d 1049, 1051 (Fla. 4th DCA 2013)). In other words, entry of a default judgment does not deprive the defendant of the right to a hearing to determine damages which are not unliquidated. *Matejka,* 40 So. 3d at 866.

Although Rosenbaum argued that the subject $75,000 loan within her complaint against Talbot was sufficiently specific, the damages sought were not liquidated. Rosenbaum did not seek a precise amount of damages in the complaint; she demanded "judgment" against Talbot, "[a]n award of compensatory damages, with interest," and "other relief as the court deems proper," as well as writs of replevin.

Furthermore, even if Rosenbaum had included in her complaint a prayer for damages in the precise amount of $75,000, such damages could still not be considered liquidated. To constitute liquidated damages, the proper amount to be awarded must be determinable "with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law." *Bodygear*, 946 So. 2d at 1150 (citations omitted). Rosenbaum never alleged that Talbot was directly liable to Rosenbaum under the third party loan agreement. Rather, she loosely alleged that the loan proceeds were used to purchase property which eventually came into the possession of Talbot.

As the prevailing party in a conversion action, Rosenbaum is entitled

to a damage award amounting to the market value of the subject property on the date of the conversion plus interest accruing from that date.  *See Exxon Corp. v. Ward*, 438 So. 2d 1059, 1060 (Fla. 4th DCA 1983) (citing *Gillette v. Stapleton*, 336 So. 2d 1226, 1227 (Fla. 2d DCA 1976)).  Because evidence must be presented to establish the value of the property on the date of conversion, the damages alleged by Rosenbaum in her complaint are, by definition, unliquidated.  *See Heritage Circle Condo. Ass'n v. State, Fla. Dep't of Bus. & Prof'l Regulation, Div. of Condos., Timeshares & Mobile Homes*, 121 So. 3d 1141, 1144 (Fla. 4th DCA 2013) (explaining that damages are not liquidated if testimony must be taken to ascertain their exact sum and that defendant would be entitled to an evidentiary hearing on damages).

We reverse the portion of the default final judgment awarding unliquidated damages and remand the matter to the trial court for further proceedings to determine the proper amount.  On all other issues raised, we affirm.

*Affirmed in part, reversed in part, and remanded with directions.*

MAY and KLINGENSMITH, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***