IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

PAUL MCMULLEN,

  Appellant,

v.

HSBC BANK USA, NATIONAL
ASSOCIATION, AS TRUSTEE
FOR PHH 2007-2; E.P. WOLF
CONSTRUCTION, INC.;
DEBORAH LEE THOMPSON
PERRYMAN; ESTATE OF
CHARLES H. THOMPSON, JR.,
DECEASED, UNKNOWN
HEIRS, DEVISEES,
GRANTEES, ASSIGNEES,
CREDITORS, LIENORS AND
TRUSTEES OF CHARLES H.
THOMPSON, JR., DECEASED,
AND ALL OTHER PERSONS
CLAIMING BY, THROUGH,
UNDER, AND AGAINST THE
NAMED DEFENDANT(S);
GARFIELD B. THOMPSON,
UNKNOWN PARTIES IN
POSSESSION #1; UNKNOWN
PARTIES IN POSSESSION #2:
IF LIVING, AND ALL
UNKNOWN PARTIES
CLAIMING BY, THROUGH,
UNDER, AND AGAINST THE
ABOVE NAMED
DEFENDANT(S) WHO ARE
NOT KNOWN TO BE DEAD
OR ALIVE, WHETHER SAID
UNKNOWN PARTIES MAY

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-1737

CLAIM AN INTEREST AS
SPOUSE, HEIRS, DEVISEES,
GRANTEES OR OTHER
CLAIMANTS,

      Appellee.

_____/

Opinion filed October 14, 2014.

An appeal from the Circuit Court for Duval County.
L. Haldane Taylor, Judge.

Monique M. Sadarangani of Advocate Law Groups of Florida, P.A., Miami Lakes, for Appellant.

Kimberly N. Hopkins and Ronald M. Gachè of Shapiro, Fishman & Gachè, LLP, Tampa, for Appellee.

PER CURIAM.

      Appellant, Paul McMullen, appeals the denial of his motion to vacate a final judgment of foreclosure and argues that because he did not receive notice of the summary judgment hearing,[1] the trial court erred in not vacating the foreclosure judgment. We reject Appellant's argument because, as argued by Appellee, HSBC

---

[1] The Notice of Hearing was sent by U.S. mail to the law firm representing Appellant and to the email address of Appellant's former attorney rather than the email address designated by the firm pursuant to Florida Rule of Judicial Administration 2.516(b).

Bank USA, a judicial default was entered in this case.  See Matejka v. Dulaney, 40 So. 3d 865, 866 (Fla. 4th DCA 2010) (noting that a default admits every cause of action that is sufficiently well-pled as well as a plaintiff's entitlement to liquidated damages); see also Zumpf v. Countrywide Home Loans, Inc., 43 So. 3d 764, 766 (Fla. 2d DCA 2010) ("Generally, in a foreclosure action, unpaid principal and interest are 'liquidated damages,' and a defaulting party is not entitled to notice of hearing determining those amounts where the exact sums are set forth."); Donohue v. Brightman, 939 So. 2d 1162, 1164 (Fla. 4th DCA 2006) ("A default terminates the defending party's right to further defend, except to contest the amount of unliquidated damages."); Asian Imports, Inc. v. Pepe, 633 So. 2d 551, 552 (Fla. 1st DCA 1994) (noting that actions for the sums directly due on negotiable instruments are actions for liquidated damages).  However, because the foreclosure judgment also included unliquidated damages, including, for example, attorney's fees, we reverse and remand for a hearing on the amount of unliquidated damages owed to Appellee.  See Pepe, 633 So. 2d at 553 (affirming the trial court's ruling denying the defendants' motion to vacate the final judgment of foreclosure except as to the provision for attorney's fees because the fees were unliquidated damages).

    AFFIRMED in part; REVERSED in part; and REMANDED.

LEWIS, C.J., CLARK and MARSTILLER, JJ., CONCUR.