Lee, Robert W., Associate Judge,
concurring.
In this case, the appellant, Gozzo Development, Inc., failed to attend court-ordered mediation and filed in the court record a false certificate concerning the mediation. In the evidentiary sanctions hearing that followed, appellant gave false testimony to the court concerning appel *146 lant’s failure to comply -with the mediation order. The court found that the misrepresentations, as well as the failure to comply with the trial court’s mediation order, were willful. As a result, the court struck the appellant’s pleadings as a sanction, resulting in a dismissal of the case. At no point did appellant request that the trial court make any findings pursuant to Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla. 1993), assuming such findings might have been required. While reasonable minds might differ as to whether dismissal was the appropriate sanction, I conclude that the trial court’s order to dismiss was well within its discretion. Moreover, appellant cannot now be heard to complain about the trial court’s not making findings pursuant to Kozel when appellant failed to request the trial court to do so. As a result, I concur in the panel’s decision to affirm. See Bank of America, N.A. v. Ribaudo, 199 So.3d 407, 408-09 (Fla. 4th DCA 2016) (when complaining party failed to move trial court to correct perceived error in not making Kozel findings, party failed to preserve the issue for appellate review); see also Levine v. Del Am. Props., Inc., 642 So.2d 32, 34 (Fla. 5th DCA 1994) (“Since the litigant committed the disruptive behavior in this case and not the lawyer, Kozel does not apply.”).