IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BRIAN FOGARTY and
CHRISTINE FOGARTY,

     Appellants/Cross-Appellees,

 v.                                    Case No.  5D16-3193

NATIONSTAR MORTGAGE, LLC,
and SEAGROVE NEIGHBORHOOD
ASSOCIATION, INC.,

     Appellees/Cross-Appellants.

_____/

Opinion filed August 4, 2017

Appeal from the Circuit Court
for St. Johns County,
A.W. Nichols, III, Senior Judge.

D. Brad Hughes and Kayla A. Haines, of
Jimerson & Cobb, P.A., Jacksonville, for
Appellants/Cross-Appellees.

Nancy M. Wallace, of Akerman LLP,
Tallahassee, William P. Heller,of Akerman
LLP, Fort Lauderdale, and Eric M. Levine,
of Akerman LLP, West Palm Beach, for
Appellee/Cross-Appellant, Nationstar
Mortgage, LLC.

Michael J. McCabe and Michelle P.
Haines, of McCabe Law Group, P.A.,
Ponte Vedra Beach, for Appellee/Cross-
Appellant, Seagrove Neighborhood
Association, Inc.

WALLIS, J.

Brian and Christine Fogarty ("Borrowers") appeal a final judgment of foreclosure in favor of Nationstar Mortgage, LLC ("Nationstar"), arguing the trial court improperly denied their motion for involuntary dismissal. In its cross-appeal, Nationstar argues the trial court erred by omitting interest and escrow from the judgment and by dismissing appellee/cross-appellant, Seagrove Neighborhood Association, Inc. ("Seagrove"), as a superior lienholder. We affirm the trial court's denial of Borrowers' motion for involuntary dismissal without discussion. However, because the trial court improperly excluded interest and escrow amounts, we reverse and remand for modification of the final judgment. Additionally, we reverse the trial court's dismissal and remand for Seagrove's reinstatement as a party to the foreclosure action.

## FACTS

In 2007, Borrowers executed a note and mortgage for $352,000 in favor of SunTrust Mortgage, Inc. ("SunTrust"). In December 2010, Nationstar sent Borrowers a welcome letter notifying them that it had replaced SunTrust as the servicer of their mortgage. In April 2013, Nationstar sent Borrowers a default letter, alleging a default date of November 11, 2009, and requiring the immediate payment of $124,082.20 to cure the default. After Borrowers failed to cure the default, Nationstar filed a foreclosure complaint, seeking "$340,795.31 that is due on principal on the Note and Mortgage, interest from October 1, 2009, late charges, costs of collection and reasonable attorney's fees, and such other expenses as may be permitted by the mortgage." The complaint also included Seagrove as a defendant, explaining that any interest it may claim in the mortgaged property "is subordinate, junior, and inferior to the lien of [Nationstar's] Mortgage."

2

Seagrove filed an answer and affirmative defenses seeking, *inter alia*, "a judgment determining that [Seagrove's] interest is superior to [Nationstar's] mortgage," and citing the recorded declaration of charter, easements, covenants, and restrictions for the neighborhood to support its entitlement to expenses and assessments. Borrowers also answered the complaint, asserting, as affirmative defenses, lack of standing, failure to satisfy a condition precedent, and lack of certification.

The case proceeded to trial in March 2016. At trial, Nationstar called one of its senior default case specialists. Through this witness, Nationstar successfully admitted the note, the mortgage, the welcome letter, the default letter, and its payment history for the mortgage. At the close of trial, Borrowers moved for involuntary dismissal, arguing the trial court improperly admitted the loan payment history and, thus, Nationstar failed to establish the amount due. Borrowers further argued the evidence failed to establish any amounts other than the principal, such as interest or escrow. Seagrove also moved for involuntary dismissal, arguing Nationstar presented no evidence to rebut Seagrove's claim that it had a superior lien position relative to the mortgage. In response to Seagrove's motion, Nationstar requested judicial notice of the recorded general warranty deed for the subject property, as well as the recorded mortgage, to show that, as a first mortgage, it had "priority over the homeowner's association lien." The trial court ultimately ruled as follows:

> Based on the testimony that I received today and the arguments that were made, I'm going to deny the motion for involuntary dismissal; however, I'm going to find for-- the only testimony that I think I can definitely put my finger on is the amount of principal that was described. So I'm going to find for the plaintiff in the principal amount of $340,795.31. And that is -- and find that the homeowner's association, who is Seagrove Neighborhood Association, Inc., as their lien is

3

> superior to the mortgage and they are not foreclosed; they are dismissed from the action.

Accordingly, the final judgment of foreclosure awarded Nationstar only the principal balance of $340,795.31.

## INTEREST AND ESCROW

Nationstar argues the trial court improperly limited the award to only principal, ignoring the easily calculable interest and escrow amounts. In a typical foreclosure case, the plaintiff "proves the amount of indebtedness through the testimony of a competent witness who can authenticate the mortgagee's business records and confirm that they accurately reflect the amount owed on the mortgage." Wolkoff v. Am. Home Mortg. Servicing, Inc., 153 So. 3d 280, 281 (Fla. 2d DCA 2014). Furthermore, "[g]enerally, in a foreclosure action, unpaid principal and interest are 'liquidated damages.'" Zumpf v. Countrywide Home Loans, Inc., 43 So. 3d 764, 766 (Fla. 2d DCA 2010) (quoting Asian Imports, Inc. v. Pepe, 633 So. 2d 551, 552 (Fla. 1st DCA 1994)). "Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law." Asian Imports, Inc., 633 So. 2d at 552.

At trial, Nationstar's witness testified to the fixed interest rate—6.25%—and unpaid principal—$340,795.31—necessary for determining the amount of interest due. The payment history and note further support these figures. Nationstar also provided the trial court with the figures necessary to determine the escrow amount. The witness specifically addressed escrow amounts as follows:

Q Were there any escrow advances also delineated in the payment history?

A Yes.

Q And if you were to add them up, would they be -- would they concur with the amounts that are due or being sought for in the judgment?

A Yes.

Q And all those numbers come from the payment history?

A Yes.

Indeed, the payment history includes a column showing escrow disbursements, labeled "ESCROW."

"Values awarded in a foreclosure judgment must be based on competent, substantial evidence." Boyette v. BAC Home Loans Servicing, LP, 164 So. 3d 9, 10 (Fla. 2d DCA 2015). The witness's testimony, combined with the payment history and the note, provided the trial court with competent, substantial evidence of the fixed interest rate and escrow disbursements. Using this trial evidence, the trial court can easily calculate Nationstar's interest and escrow amounts. See Salauddin v. Bank of Am., N.A., 150 So. 3d 1189, 1190 (Fla. 4th DCA 2014) ("Since the amount of interest from the time the homeowner defaulted on the loan until May 1, 2012, was based on the starting fixed interest rate (eight percent), the amount of interest owed for those months is supported by the note and payment history."); cf. Michel v. Bank of N.Y. Mellon, 191 So. 3d 981, 983–84 (Fla. 2d DCA 2016) (reversing an award of interest where "[t]he bank did not introduce records in support of the claimed interest or the actual amount contained in the final judgment" and failed to demonstrate "what the applicable interest rate was from the time of default or how much interest accrued from that point forward"). Thus, we remand

5

for the trial court to modify the foreclosure judgment to include the interest and escrow amounts.

## LIEN SUPERIORITY

Nationstar argues the trial court improperly dismissed Seagrove as a superior lienholder to Nationstar. We reverse the dismissal and remand for the trial court to reinstate Seagrove as a party to this litigation. Because neither party presented competent evidence to establish which one had a superior interest, "[o]n remand, either party may request an evidentiary hearing to resolve this issue." See Hidden Ridge Condo. Homeowners v. Greentree Servicing, LLC, 167 So. 3d 483 (Fla. 5th DCA 2015) (citing Schroth v. Cape Coral Bank, 377 So. 2d 50 (Fla. 2d DCA 1979)).

AFFIRMED in Part; REVERSED in Part; and REMANDED with Instructions.

PALMER and LAMBERT, JJ., concur.