# Third District Court of Appeal

## State of Florida

Opinion filed December 23, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-831
Lower Tribunal No. 04-11813
_____

## Brian Kuei Tung,
Appellant,

vs.

## The Republic of Trinidad and Tobago, etc.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Law Office of Michael Garcia Petit, P.A, and Michael Garcia Petit, for appellant.

Sequor Law, P.A., and Edward H. Davis, Jr., Arnoldo B. Lacayo, Christopher A. Noel and Cristina Vicens Beard, for appellee.

Before FERNANDEZ, LOGUE and GORDO, JJ.

PER CURIAM.

Affirmed.  See Deutsche Bank Nat'l Tr. Co. v. Avila-Gonzalez, 164 so. 3d 90, 93 (Fla. 3d DCA 2015) (stating that "Kozel[1] and its progeny are inapplicable" where the trial court's findings are focused on the actions of a litigant rather than their counsel (citing Levine v. Del Am. Props., Inc., 642 So. 2d 32, 34 (Fla. 5th DCA 1994))); Ledo v. Seavie Res., LLC, 149 So. 3d 707, 710 (Fla. 3d DCA 2014) ("Since Ledo was sanctioned for his own failures to comply with court orders . . . Kozel has no application here." (citation omitted)); Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983)[2] ("[T]o justify reversal [of a discretionary decision refusing to excuse noncompliance with court rules], it would have to be shown on appeal that the trial court clearly erred in its interpretation of the facts and the use of its judgment and not merely that the court, or another fact-finder, might have made a different factual determination.").

---

[1] Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993).

[2] Although Mercer predates Kozel, this Court has recognized its continued viability, particularly that it stands for the "proposition that [a] litigant's conduct can support extreme sanctions." Avila-Gonzalez, 164 So. 3d at 93 n.1.