DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VLADIMIR MOSIA,**
Appellant,

v.

**JAMES FOGLIA,**
Appellee.

No. 4D2024-0179

[July 30, 2025]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Kal Evans, Judge; L.T. Case No. COWE230000949.

Steven Zakharyayev of Law Offices of Steven Zakharyayev, New York, NY, for appellant.

Scott M. Behren of Behren Law Firm, Weston, for appellee.

GERBER, J.

The employer appeals from the county court's order denying the employer's motion to vacate a default final judgment against him. The employer's appeal raises multiple grounds, only one of which has merit. On that ground, the employer argues the default final judgment is based on an unliquidated damages amount for which the employer was not given notice and an opportunity to be heard. Because we agree with that argument, we reverse that part of the order denying the employer's motion to vacate the default final judgment as to damages only, and affirm the remainder of the order as to liability. We remand for a hearing at which both parties shall have the opportunity to present evidence for the county court's determination of the unliquidated damages amount.

### *Procedural History*

The employee sued the employer for violating the Florida Minimum Wage Act, codified in section 448.110, Florida Statutes (2023). The employee's complaint alleged: the employer had failed to pay all wages owed to the employee; the employee had sent a payment demand to the employer, who still failed to comply; therefore, the employee was entitled

to his unpaid wages, plus liquidated damages. The employee's damages allegation apparently was based on section 448.110(6)(c)1., Florida Statutes (2023), which pertinently provides: "Upon prevailing in an action brought pursuant to this section, aggrieved persons shall recover the full amount of any unpaid back wages unlawfully withheld *plus the same amount* as liquidated damages[.]" § 448.110(6)(c)1., Fla. Stat. (2023) (emphases added).

After the employer had failed to appear at a pre-trial conference, the county court entered a default against the employer. The employer later filed a motion to vacate the default. After a hearing, the county court entered an order denying the employer's motion. The county court's order reasoned: "The [employer] did not make a showing of excusable neglect or due diligence sufficient to vacate the default in this matter."

The employee then filed a motion for default final judgment against the employer. The motion alleged the employee's total claim was "in the amount of $6,118.16" based on the employee's previously-filed affidavit. The employee's affidavit had declared: "I am owed … a total of $3,059.08 [in unpaid back wages]. I am owed liquidated damages of $3,059.08. … I am seeking entry of a Default Final Judgment in the amount of $6,118.16[.]" The employee's affidavit did not explain his basis for calculating the alleged $3,059.08 in unpaid back wages, nor did the employee attach any exhibits substantiating that amount.

Two days later, the county court, without holding a hearing on the employee's motion, entered a default final judgment in the employee's favor against the employer. The judgment pertinently stated: "[The employee] shall, recover from the [employer] the principal sum of $3,059.08 [in unpaid back wages] plus liquidated damages of $3,059.08[.]" The judgment did not provide any basis for the $3,059.08 in unpaid back wages and commensurate liquidated damages.

Two weeks after the county court had entered the default final judgment, the employer filed a motion to vacate the judgment. The motion pertinently argued:

> Both Florida Rule of Civil Procedure 1.500(b) and Florida Small Claims Rule 7.170(b) require the Court to receive evidence establishing damages for the purpose of entering a Final Default Judgment. If the damages at issue are unliquidated, Defendants are, at the very least, entitled to notice and a trial on damages. Liquidated damages are specific and precise sums of money immediately apparent

from the express terms of the contract itself, or determinable therefrom by mathematical calculation, or fixed by a specific rule of law. ...

...

... There is no evidence of the "express terms" of an alleged oral contract, as an express term is found in a written contract. [The employee] has not provided a contract with an amount due which could be calculated mathematically. And, there is no evidence of deduction as to specific amount based on a specific rule of law. ... As such, [the employer is], at the very least, entitled to notice and a trial as to unliquidated damages ....

The county court entered an order summarily denying the employer's motion to vacate the default final judgment.

### *This Appeal*

This appeal followed. The employer argues the $3,059.08 awarded to the employee as unpaid back wages in the default final judgment was unliquidated, and because the county court did not give the employer notice and an opportunity to be heard before awarding those unpaid back wages in the judgment, those unpaid back wages must be vacated from the judgment. The employer also argues because the county court then used that unpaid back wages amount to award the employee an additional $3,509.08 in liquidated damages under section 448.110(6)(c)1., the liquidated damages award also must be vacated from the judgment.

The employee responds his alleged $3,059.08 in unpaid back wages were liquidated "in that [his damages] were able to be determined by arithmetical calculations based upon the Complaint, and the Affidavit of Claim."

The employer replies that the employee's affidavit merely alleging the employee was owed $3,059.08 in unpaid back wages did not convert that amount from unliquidated damages to liquidated damages. Rather, the employer argues, where the employee's alleged $3,059.08 in unpaid back wages cannot be determined by the parties' agreement, arithmetical calculation, or application of law, the employee's alleged $3,059.08 in unpaid back wages were unliquidated, thus requiring the county court to have given the employer notice and an opportunity to be heard in determining the employee's unpaid back wages amount, which amount

3

also would determine the liquidated damages amount under section 448.110(6)(c)1.

Applying a mixed standard of review, we agree with the employer's argument. *See Primecare Network, Inc. v. Payroll LLC,* 397 So. 3d 90, 94 (Fla. 4th DCA 2024) ("We review a trial court's ... denial of a motion to vacate a default final judgment for abuse of discretion. In contrast, de novo review is applied to a deprivation of procedural due process.") (citations omitted); *Talbot v. Rosenbaum,* 142 So. 3d 965, 967 (Fla. 4th DCA 2014) ("Whether damages alleged are liquidated or unliquidated is a question of law subject to de novo review. ... [However,] the setting of unliquidated damages without the required notice and without proof is regarded as fundamental error.") (internal citations and quotation marks omitted).

"Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law." *Viets v. Am. Recruiters Enters.,* 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006) (citations omitted). Conversely, "[d]amages are not liquidated if a court must consider testimony or evidence to ascertain facts upon which to base a value judgment." *Talbot,* 142 So. 3d at 968 (citation and internal quotation marks omitted).

"Where an action involves unliquidated damages, a party against whom default has been entered is entitled to notice of an order setting the matter for trial [or evidentiary hearing], and must be afforded an opportunity to defend." *Viets,* 922 So. 2d at 1095; *see also Talbot,* 142 So. 3d at 967-68 ("[A] defaulting party has a due process entitlement to notice and an opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial interpretation of the amount of unliquidated damages. ... In other words, entry of a default judgment does not deprive the defendant of the right to a hearing to determine damages which are not unliquidated.") (citations and internal quotation marks omitted).

Such notice and opportunity to be heard includes "the presentation and evaluation of evidence necessary to a judicial determination of the amount of [those] damages." *Tand v. C.F.S. Bakeries, Inc.,* 559 So. 2d 670, 671 (Fla. 3d DCA 1990) (alteration in original; citations omitted). Fundamental error occurs when unliquidated damages are awarded without notice, hearing, and proof. *Ciprian-Escapa v. City of Orlando,* 172 So. 3d 485, 488 (Fla. 5th DCA 2015).

4

Here, the employee merely alleged in his affidavit that he was owed $3,059.08 in unpaid back wages. However, his affidavit did not show any pleaded agreement by the parties, any arithmetical calculation, or any application of definite rules of law which determined that amount's exactness. Thus, the employee's alleged $3,059.08 in unpaid back wages was unliquidated. Because the county court did not give the employer notice and an opportunity to be heard before awarding those unpaid back wages in the judgment, those unpaid back wages must be vacated from the judgment. In turn, because the county court then used that unpaid back wages amount to award the employee an additional $3,059.08 in liquidated damages under section 448.110(6)(c)1., the liquidated damages award also must be vacated from the judgment.

### *Conclusion*

Based on the foregoing, we reverse that part of the order denying the employer's motion to vacate the default final judgment as to damages only, and affirm the remainder of the order as to liability. We remand for a hearing at which both parties shall have the opportunity to present evidence for the county court's determination of the employee's unpaid wages amount in an amended default final judgment, which amount the county court shall also include in the amended default final judgment as the employee's liquidated damages under section 448.110(6)(c)1. On the employer's challenge to the county court's award of attorney's fees and costs to the employee, we affirm without further comment.

*Affirmed in part, reversed in part with directions.*

KUNTZ, C.J., and ARTAU, J., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**